**Sheryl KESHISHIAN, Defendant below, Appellant,**

v.

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted Feb. 13, 1978.

Decided May 2, 1978.

Roy S. Shiels, of Brown, Shiels & Barros, Dover, for defendant below, appellant.

Dana C. Reed, Deputy Atty. Gen., Dover, for plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

PER CURIAM:

The defendant appeals from her conviction of possession and sale of various narcotic substances.

The defendant moved, pursuant to Superior Court Criminal Rule 15,* to take the deposition of a witness, whom the defendant alleged was an agent of the State, for the purpose of establishing the defense of entrapment. The witness had failed to attend a preliminary hearing in disregard of a subpoena. Based on her psychologist's opinion that she would be seriously damaged emotionally if she were compelled to give testimony at trial or by deposition, the witness sought and was granted a protective order excusing her from appearing under subpoena. Despite various subsequent attempts by the defendant to subpoena the witness to testify at trial or upon deposition in support of the defense of entrapment, the "protective order" was continued by the Court for over two years, during which time the trial was also continued. Finally, the Trial Court compelled the defendant to stand trial, with the witness under subpoena and the protective order still in effect. The defendant was found guilty.

We agree with the defendant's contention that the Trial Court committed reversible error in excusing the witness from testifying either upon deposition or at the defendant's trial.

■ Under both the Sixth Amendment of the Federal Constitution, made applicable to the states by virtue of the Fourteenth Amendment, *Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), and Article 1, § 7 of the Delaware Constitution, a defendant in a criminal case has a right to compulsory process for obtaining the appearance of witnesses to testify in his behalf. Thus, under both constitutions, the defendant had a right

> "to put on the stand a witness who [is] physically and mentally capable of testifying to events that [s]he had personally observed and whose testimony would have been relevant and material to the

defense." *Washington v. Texas,* supra, at 1925.

The only exceptions to this rule are testimonial privileges and non-arbitrary rules that disqualify witnesses, such as infants or those mentally infirm, because they are incapable of observing events or testifying about them. *Washington v. Texas, supra,* fn.21 at 1925.

■ Since the witness never claimed that a testimonial privilege or non-arbitrary rule excused her from testifying or that she could not recount what she had done or observed, or that her testimony would not have been relevant and material, it follows that the defendant's constitutional right to compulsory process to obtain the appearance of a witness has been violated in this case.

The law is not insensitive to the health and welfare of a witness. Where attendance at trial is sufficiently harmful or impossible, a deposition pursuant to Rule 15, as was attempted by this defendant, may be proper. Such procedure will satisfy the constitutional rights of the defendant while protecting the health and welfare of the witness.

\*     \* ·     \*     \*     \*     \*

The defendant contends that the Superior Court erred in admitting evidence of laboratory tests of the drugs seized because the State did not properly prove the chain of custody. We find no merit in this contention.

\*     \*     \*     \*     \*     \*

Reversed and remanded for further proceedings consistent herewith.

---

\* Rule 15 provides in pertinent part:

"(a) When Taken. If it appears that a prospective witness may be unable to attend or prevented from attending a trial or hearing, that his testimony is material and that it is necessary to take his deposition in order to prevent a failure of justice, the Court at any

time after the filing of an indictment or information may upon motion of a defendant and notice to the parties order that his testimony be taken by deposition and that any designated books, papers, documents or tangible objects, not privileged, be produced at the same time and place. \*  \*  \*"