765 P.2d 152

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Dennis G. STILLWELL,
Defendant–Appellant.**

**No. 17195.**

Court of Appeals of Idaho.

Nov. 29, 1988.

**128**

Milton A. Slavin, Salmon, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Dennis Stillwell pled guilty to four counts of lewd conduct with a minor. I.C. § 18–1508. Stillwell received concurrent, indeterminate sentences of thirty years on each count. On appeal, Stillwell argues his sentences are excessive. We disagree and affirm the judgment imposing the sentences.

Stillwell's conviction stems from four separate incidents involving sexual encounters with boys ranging from thirteen to fifteen years of age. The district judge originally sentenced Stillwell to a fixed thirty-year sentence for one count of lewd conduct, and concurrent indeterminate thirty-year sentences on three similar counts. However, the district judge retained jurisdiction over Stillwell pursuant to I.C. § 19–2601(4), so that Stillwell could be evaluated at the North Idaho Correctional Institution (NICI). Based upon Stillwell's performance at NICI, the Department of Correction recommended that Stillwell be placed on probation. However, the district judge declined the Department's recommendation. Instead, the court modified the single fixed sentence by reducing it to an indeterminate period not to exceed thirty years. Consequently, Stillwell received four concurrent, indeterminate terms of thirty years. On appeal, Stillwell argues that the district judge's failure to accept the Department's probation recommendation—and the district judge's failure to consider other mitigating factors—resulted in Stillwell receiving excessive and harsh sentences.

Our standards of sentence review are well known. A term of confinement is reasonable to the extent that it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Absent a clear abuse of discretion, a sentence within the statutory maximum will not be disturbed on appeal. *State v. Van Newkirk,* 110 Idaho 581, 716 P.2d 1353 (Ct.App. 1986). An abuse of discretion may be shown where the sentence is unreasonable in light of the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982).

In this case, each of Stillwell's thirty-year indeterminate sentences is within the statutory maximum sentence he could have received—life imprisonment. Because Stillwell committed these offenses before the Unified Sentencing Act, I.C. § 19–2513, became effective in 1987, we presume that the duration of confinement for review of his sentences is ten years. *State v. Toohill, supra.* We therefore must decide whether this term of confinement is reasonable under the circumstances. *State v. Chacon,* 114 Idaho 789, 760 P.2d 1205 (Ct. App.1988).

When the district court initially imposed Stillwell's sentences, the judge took into consideration the seriousness of the crimes, the psychological harm done to the victims, the fact that Stillwell had previously been convicted of two sexual offenses, and the fact that the use of alcohol was involved in the instant offenses. However, the judge also took into consideration various mitigating factors, including Stillwell's exemplary military record, his steady employment history, several letters written by relatives on his behalf, his cooperative attitude during the proceedings and a favorable psychological evaluation of Stillwell prepared by the Department of Correction. As a result, the judge retained jurisdiction so that the Department of Correction could evaluate Stillwell's suitability for probation. Based upon the Department's favorable report, the judge decided that a fixed

sentence was not warranted. However, the judge declined to place Stillwell on probation because the Department's recommendation had been qualified by twenty-one specific conditions of probation. These conditions would have required almost constant monitoring of Stillwell's activities and would have been virtually impossible to supervise.

Although Stillwell argues that the judge's failure to follow the Department's recommendation constitutes error, we are unpersuaded. A district judge is not bound to suspend a sentence and grant probation upon a favorable probation report where the court has sufficient information to determine that such action is inappropriate. *See State v. Chapel*, 107 Idaho 193, 687 P.2d 583 (Ct.App.1984). We believe that the judge's concern over the proposed conditions of probation was a sufficient reason to deny Stillwell's probation request.

Our review of the facts and circumstances of this case leads us to conclude that ten years is a reasonable period of confinement for Stillwell's crimes. We hold there was no abuse of discretion in the district judge's sentencing decision.

The judgment of conviction imposing the sentences is affirmed.