775 P.2d 158

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Larry HANSLOVAN,
Defendant–Appellant.**

**No. 17364.**

Court of Appeals of Idaho.

June 2, 1989.

Larry Hanslovan, defendant-appellant pro se.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

Larry Hanslovan has appealed from two orders following the entry of a judgment of conviction for forgery. The first order relinquished jurisdiction which had been retained under I.C. § 19–2601. The second order denied Hanslovan's motion for sentence reduction under I.C.R. 35. Today we affirm both orders.

The background facts may be summarized briefly. Hanslovan was charged with four counts of forgery. He pled guilty on two of the counts, and the others were dismissed. The district judge sentenced Hanslovan to an indeterminate five-year prison term on each count, the sentences to run concurrently. However, the judge retained jurisdiction on both sentences, giving Hanslovan an opportunity to be further evaluated for possible probation. Hanslovan was placed at the Board of Correction's community work center in Boise, where the evaluation took place. Subsequently, upon the work center's recommendation, the judge relinquished the retained jurisdiction. He also denied a Rule 35 motion for reduction of the concurrent sentences. This appeal followed.

I

Hanslovan contends that the order relinquishing jurisdiction has been tainted by a denial of due process during the community work center's evaluation. Particularly, he asserts that (a) he was not allowed to call certain witnesses to testify before the evaluation committee; (b) he was denied the assistance of an inmate law clerk; (c) the committee considered results of a disciplinary offense report which previously had been dismissed; and (d) he did not receive notice of matters to be considered by the committee, nor did he receive a subsequent opportunity to furnish the court information in rebuttal to the committee's report.

Our analysis begins by acknowledging that a measure of due process must be accorded to a prisoner who is subject to retained jurisdiction. The prisoner is entitled to participate in an administrative hearing before the committee that evaluates him and makes a recommendation to the sentencing judge. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978); *State v. Hall,* 112 Idaho 925, 927, 736 P.2d 1379, 1381 (Ct.App.1987). Moreover, in *Wolfe,* our Supreme Court stated:

Before a report is sent back to the sentencing judge (pursuant to the retained jurisdiction of I.C. § 19–2601), certain procedures must be followed. The prisoner must be given adequate notice before the hearing, including notice of the substance of all matters that will be considered. The prisoner must be given an opportunity to explain or rebut any testimony or recommendations. In addition,

the prisoner must be free to call witnesses in his behalf from among the employees and other prisoners at [the evaluation facility]. This information should be included in the report sent back to the sentencing judge.

99 Idaho at 389, 582 P.2d at 735. These procedural safeguards satisfy the prisoner's entitlement to due process. *State v. White,* 107 Idaho 941, 694 P.2d 890 (1985).

### A

■ Hanslovan contends he was not allowed to present three correctional officers as witnesses at his administrative hearing. The record discloses that Hanslovan requested the officers to be called. However, the superintendent of the work center denied the request because the officers constituted "fifty percent of the security staff" and, in any event, the hearing was on their "day off." We deem it clear from the reference to a "day off" that the superintendent's decision did not embody a determination that calling the witnesses would be "unduly hazardous to institutional safety and correctional goals." *Wolff v. McDonnell,* 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974). Absent such a determination, Hanslovan had a right to call these witnesses, and his request should not have been denied simply because of administrative inconvenience. *State v. Wolfe, supra; Keshishian v. State,* 386 A.2d 666 (Del.1978).

However, this does not end our inquiry. In order to establish an actual deprivation of due process, it was incumbent upon Hanslovan to make some showing that the witnesses' testimony would have been material and favorable to his evaluation. *See Sivak v. State,* 114 Idaho 271, 755 P.2d 1309 (Ct.App.1988) (witnesses not called in prison disciplinary hearing); *State v. Garza,* 109 Idaho 40, 704 P.2d 944 (Ct.App. 1985) (compulsory process in criminal prosecution). Hanslovan has failed to meet this requirement. The record contains no statement to the evaluation committee as to why these witnesses were requested, what information they were expected to supply, or how their testimony would have been fa-

vorable to Hanslovan. Therefore, we find no due process deprivation.

### B

■ Hanslovan next argues that he was denied due process when he was given no access to the assistance of an inmate law clerk. As noted above, our Supreme Court held in *State v. White, supra,* that the procedural safeguards enumerated in *Wolfe* are sufficient to satisfy the requirements of due process in a retained jurisdiction context. The procedures set forth in *Wolfe* do not include the assistance of counsel or of an inmate law clerk. *See Schmidt v. State,* 103 Idaho 340, 348–49, 647 P.2d 796, 804–05 (Ct.App.1982) (explaining that *Wolfe* recognizes no right to counsel in evaluation committee hearings). Accordingly, in continued deference to our Supreme Court, we hold that a denial of inmate law clerk assistance does not constitute a due process violation.

### C

■ Hanslovan further contends that due process was denied when the evaluation committee considered a disciplinary offense report which previously had been dismissed. Hanslovan received the disciplinary report when he tested positive for T.H.C., a chemical marker of marijuana, during a urinalysis. The disciplinary report was dismissed due to a typographical error which caused the urinalysis result to be misstated. Hanslovan contends that since the disciplinary report was dismissed, it should not have been considered in the committee's evaluation. The state responds that the urinalysis remained an important fact despite dismissal of the disciplinary report.

The state's position is a sensible one; however, we need not rule upon it in this appeal. It is clear from the record that the trial judge did not base his decision on the dismissed disciplinary report. The judge stated:

The reason I dropped jurisdiction was because of the overwhelming evidence ... on the defendant's attitude, poor work performance, unwillingness to demonstrate a sense of responsibility, and the conclusions that the defendant was

not an acceptable candidate for probation.... [E]ven disregarding the test results, the [committee] report still fully supports the negative conclusions....

The record, which need not be detailed here, amply supports the judge's characterization of Hanslovan's attitude, work performance and unwillingness to accept responsibility. We will not overturn a judge's exercise of discretion when the judge makes it clear that his decision rests upon factors other than the issue raised on appeal. *Dyer v. State*, 115 Idaho 773, 769 P.2d 1145 (Ct.App.1989).

### D

Finally, Hanslovan asserts that he did not receive adequate notice of the substance of matters the committee would consider, nor was any information in rebuttal to the committee's report sent to the district judge. As mentioned, *Wolfe* requires that the defendant receive notice of the administrative hearing, that he be given the opportunity to present rebuttal testimony, and that this information be included in the committee report. However, *Wolfe* also held that before a due process violation will be found, the record must indicate an actual failure to follow these enumerated procedures. Error will not be presumed from an incomplete record. *Wolfe*, 99 Idaho at 390, 582 P.2d at 736.

Here, the record is sparse. It does not establish that Hanslovan received inadequate notice. To the contrary, it reveals that the administrative hearing was postponed in response to Hanslovan's complaint about lack of notice. Neither does the record disclose that Hanslovan was denied an opportunity to put rebuttal information into the report received by the judge. Because the record is devoid of any showing that the required procedures were not followed, we cannot find a due process violation.

### II

Hanslovan also contends that the trial judge erred in denying his Rule 35 motion for sentence reduction. Hanslovan could have received a fourteen-year prison term for each of the two forgeries to which he pled guilty. *See* I.C. § 18-3604. Instead, as mentioned earlier, he received two concurrent, indeterminate five-year prison terms. Because the crimes were committed prior to the Unified Sentencing Act, I.C. § 19-2513 (effective February 1, 1987), the judge prescribed no minimum period of confinement. For the purpose of appellate review, we will presume the period of confinement to be approximately one-third of the concurrent five-year terms, or twenty months. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

We find no abuse of discretion in the judge's refusal to reduce these sentences. The presentence report revealed a history of property crime and drug/alcohol abuse. Hanslovan had been on probation in California before committing the forgeries at issue here. The victim of the forgeries was Hanslovan's terminally ill grandfather. Having reviewed the record and having considered the sentence review criteria set forth in *State v. Toohill, supra,* we conclude the sentences were not excessive. Probation was neither required nor appropriate in this case. The district court did not abuse its discretion in denying Hanslovan's Rule 35 motion.

The judgment imposing the concurrent sentences is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.