859 P.2d 964

**Dennis Gale STILLWELL,
Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 20169.

Court of Appeals of Idaho.

Sept. 15, 1993.

Michael G. Pierce, Cascade, for petitioner-appellant.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., Boise, for respondent.

LANSING, Judge.

This is an appeal from the district court's order summarily dismissing Dennis Stillwell's application for post-conviction relief. Finding no error in the district court's order, we affirm.

On March 18, 1987, Stillwell pled guilty to four counts of lewd conduct with a minor. I.C. § 18–1508. The district court initially sentenced Stillwell to a fixed term of thirty years on the first count, and to concurrent indeterminate thirty-year sentences on the remaining counts. The district court retained jurisdiction for 120 days pursuant to I.C. § 19–2601(4) and Stillwell was sent to the North Idaho Correctional Institution ("NICI"). The retained jurisdiction period was subsequently extended for an additional 60 days. The NICI jurisdictional review committee ultimately issued a report to the court recommending that Stillwell be placed on probation. However, the district court declined to follow that recommendation and instead reduced the sentence on the first count to thirty years indeterminate, to run concurrently with the other sentences, and relinquished jurisdiction. Stillwell appealed the judgment imposing the sentences, and this Court affirmed in *State v. Stillwell*, 115 Idaho 127, 765 P.2d 152 (Ct.App.1988).

On February 18, 1992, Stillwell initiated the present action by filing an application for post-conviction relief and a supporting affidavit. His application alleged violations of his constitutional rights to due process, equal protection and freedom from cruel and unusual punishment. After giving Stillwell an opportunity to file additional supporting materials, the district court summarily dismissed the application pursuant to I.C. § 19–4906, holding that Stillwell had failed to raise any issues of material fact which, if proven, would entitle Stillwell to post-conviction relief. From that order, Stillwell takes this appeal.

## STANDARD OF REVIEW

An application for post-conviction relief initiates a separate proceeding which is civil in nature. *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983). The applicant must prove by a preponderance of evidence the allegations upon which the request for relief is based. *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990).

Summary disposition under I.C. § 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Accordingly, summary dismissal is permissible only if the petitioner has raised no genuine issue of material fact which, if resolved in the petitioner's favor, would entitle the petitioner to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Nellsch v. State*, 122 Idaho 426, 430, 835 P.2d 661, 665 (Ct.App.1992); *Ramirez v. State*, 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). On review, we construe in the petitioner's favor all evidence and all reasonable inferences to be drawn therefrom. *Nellsch*, 122 Idaho at 431, 835 P.2d at 666. However, summary dismissal of an application for post-conviction relief may be appropriate even where the state does not controvert the petitioner's evidence, for the court is not required to accept the legal conclusions drawn by the petitioner. *Hays v. State*, 113 Idaho 736, 739, 747 P.2d 758, 761 (Ct.App.1987).

## DUE PROCESS

Stillwell first asserts that he has been unconstitutionally deprived of his liberty without due process of law in violation of the Fourteenth Amendment to the U.S. Constitution and Article I, § 13 of the Idaho Constitution by two separate occurrences.

Stillwell asserts that the district court's failure to afford him a hearing at which he could address the recommendations in the NICI report before the court relinquished jurisdiction deprived him of due process. This contention is without merit. As Stillwell acknowledges, in *State v. Ditmars*, 98 Idaho 472, 567 P.2d 17 (1977), *cert. denied*, 434 U.S. 1088, 98 S.Ct. 1284, 55 L.Ed.2d 793 (1978), our Supreme Court definitively ruled that a district court need not conduct a hearing prior to relinquishing jurisdiction. The Supreme Court specifically declined to overrule *Ditmars* in *State v. White*, 107 Idaho 941, 943, 694 P.2d 890, 892 (1985). We likewise have refused to disturb *Ditmars*, *State v. Hall*, 112 Idaho 925, 927, 736 P.2d 1379, 1381 (Ct.App.1987), but instead follow it as binding precedent. *State v. Hyde*, 122 Idaho 604, 836 P.2d 550 (Ct. App.1992); *State v. Denny*, 122 Idaho 563, 835 P.2d 1374 (Ct.App.1992). Accordingly, we hold that the absence of a court hearing was not a deprivation of Stillwell's right to due process.

Stillwell also asserts a violation of his due process rights by the procedures utilized at NICI in preparing the report upon which the district judge relied in making the decision against probation. The NICI report recommended probation for Stillwell, but also suggested twenty-one conditions of probation, some of which were highly restrictive. For example, the report suggested that as conditions of probation, Stillwell be ordered not to go to any park or grade school, junior high or high school unless accompanied by a responsible adult, and that he be ordered not to get intimately involved with any female who has a minor female child. In its order relinquishing jurisdiction, the district court mentioned that these and some of the other recommended conditions of probation would be difficult or impossible to supervise. Stillwell alleges that he was not given a hearing at NICI where he could present evidence and was not otherwise afforded the opportunity to present any input into the twenty-one conditions of probation that were part of the report to the judge.

In *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978), our Supreme Court ruled that inmates over whom jurisdiction is retained have a liberty interest in the proceedings by which NICI develops recommendations for probation or incarceration. This liberty interest entitles the inmates to the protections of minimal due process.

Before a report is sent back to the sentencing judge (pursuant to the retained jurisdiction of I.C. § 19–2601), certain procedures must be followed. The prisoner must be given adequate notice before the hearing, including notice of the substance of all matters that will be considered. The prisoner must be given an opportunity to explain or rebut any testimony or recommendations. In addition, the prisoner must be free to call witnesses in his behalf from among the employees and other prisoners at NICI. This information should be included in the report sent back to the sentencing judge.

*Id.* at 389, 582 P.2d at 735.

■ As the case at bar amply demonstrates, even a report from NICI recommending probation can include unfavorable components that adversely affect the prisoner's liberty interest. Therefore, we conclude that *Wolfe's* mandate requiring that the inmate be afforded a hearing on the NICI recommendations applies even where the committee recommends probation. By stating in his verified petition that he was not given an opportunity for such a hearing, Stillwell has raised a material factual issue.

■ Remand to resolve this issue is unnecessary, however, because Stillwell has not shown that he is entitled to relief even if a deprivation of his right to due process occurred. It was Stillwell's burden not only to prove a constitutional violation but also to demonstrate that he suffered some resulting prejudice that would entitle him to relief. *McDonald v. State,* 124 Idaho 103, 856 P.2d 893 (Ct.App.1992); *State v. Morgan,* 109 Idaho 1040, 1043, 712 P.2d 741, 744 (Ct.App.1985). To demonstrate prejudice from the lack of a hearing, he must show that he could have and would have presented argument or evidence that would have been material and favorable to his evaluation. *State v. Hanslovan,* 116

Idaho 266, 268, 775 P.2d 158, 160 (Ct.App. 1989).

In this case, Stillwell has not identified what witnesses he would have called or what evidence he could have presented to the NICI committee if a hearing had been provided. Although he attached to his petition numerous letters from individuals with whom he has been in contact since leaving NICI, he has not identified any information that he would or could have presented to the NICI committee had the opportunity been given. In short, he has not demonstrated that he would have submitted any information material to the committee's deliberations or that might have favorably influenced its decision. To the extent Stillwell asserts that he was not allowed to comment on the twenty-one conditions of probation, Stillwell does not point to any specific condition he would have addressed or offer any alternative that would have appeased the concerns of the committee or the district court.

## EQUAL PROTECTION

■ Stillwell next argues that he has been denied equal protection of the law, in contravention of the Fourteenth Amendment of the United States Constitution and Article I, § 2 of the Idaho Constitution because the Commission of Pardons and Parole discriminates against inmates incarcerated for sex offenses. He avers that the Commission pursues a policy of either denying parole for sex offenders or requiring them to serve a longer part of their indeterminate sentences than other prisoners must serve before parole is granted. He argues that there is no rational state purpose for this unequal treatment. Stillwell contends that he is injured by this discriminatory policy because it will probably result in his being required to serve his full indeterminate term of thirty years in confinement even though he will be eligible for parole consideration at the end of ten years.[1]

---

1. Idaho Code § 20–223 previously provided that, "[N]o person serving a life sentence or serving a term of thirty (30) or more years shall be eligible for release on parole until he has served at least ten (10) years...." This portion of § 20–

223 was repealed in conjunction with the adoption of the Unified Sentencing Act of 1986. Idaho Sess. Laws ch. 232 §§ 1–6, pp. 638–641. However, Section 6 of the Unified Sentencing Act specifically provided that "[T]he amend-

We conclude that there is a substantial flaw in Stillwell's argument in that he is not yet eligible for parole and has not been denied parole. Even assuming the accuracy of Stillwell's allegations, he has not yet suffered any prejudice from the asserted discriminatory policy. This Court will not speculate on the outcome of a parole hearing that has not taken place, and we cannot provide relief for an anticipated, but unrealized, denial of parole that may never occur. We note that even if the alleged policy exists, it could be changed before Stillwell becomes eligible for parole. Because we find the issue prematurely presented, we need not address the merits of Stillwell's claim of denial of equal protection. *See King v. State,* 91 Idaho 97, 416 P.2d 44 (1966); *Olds v. State,* 122 Idaho 976, 979, 842 P.2d 312, 315 (Ct.App.1992).

■ Stillwell correctly notes that the five-year time limitation for filing a post-conviction relief application under I.C. § 19–4902 will expire before his eligibility for parole occurs.[2] However, that does not mean, as Stillwell suggests, that he will be without an avenue of redress after his minimum ten-year confinement period has been served. The appropriate method for challenging an unlawful confinement, including confinement following unlawful denial of parole, is a petition for a writ of habeas corpus, which is exempt from the time constraints of post-conviction petitions. *Olds v. State, supra. See, e.g., Vittone v. State,* 114 Idaho 618, 759 P.2d 909 (Ct.App.1988) (in habeas corpus action challenging Commission's decision not to grant parole to petitioner, writ was properly denied on the merits because the Commission's decision

satisfied rational basis requirement for denial of parole).

## CRUEL AND UNUSUAL PUNISHMENT

■ Lastly, Stillwell argues that incarceration without psychological or psychiatric treatment for sex offenders rises to the level of cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article I, § 6 of the Idaho Constitution. Stillwell's claim is based in part on I.C. § 20–223[3] which requires that incarcerated sex offenders be given a psychiatric or psychological examination before they can be paroled. Stillwell argues that because no treatment for sex offenders is available in the penitentiary, he will inevitably "fail" the required psychological evaluation and, therefore, will be denied parole.

■ To the extent Stillwell is asserting present harm from the failure to provide treatment, his claim fails. Idaho Code § 20–223 does not require that the Board of Correction provide specialized treatment for sex offenders, *Balla v. Idaho State Board of Corrections,* 869 F.2d 461, 469–470 (9th Cir.1989); *Nielson v. State,* 121 Idaho 779, 781, 828 P.2d 342, 344 (Ct.App. 1992), and our Supreme Court has held that the Eighth Amendment is not violated by the § 20–223 psychological evaluation requirement. *State v. Gee,* 107 Idaho 991, 993, 695 P.2d 376, 378 (1985). The Supreme Court's conclusion with respect to the Eighth Amendment is equally applicable, in our view, to Stillwell's claim invoking Article I, § 6 of the Idaho Constitution.

---

ments to this act shall apply only to those persons who shall commit an offense on or after February 1, 1987, and are not intended to repeal or amend those provisions of the Code which apply to persons committing an offense prior to February 1, 1987, which provisions shall continue to apply...." The offenses to which Stillwell pled guilty were committed before February 1, 1987, and he thus will not be eligible for parole until he has served at least ten years.

**2.** The five-year time limitation for filing a petition for post-conviction relief was recently reduced by the Idaho legislature to one year. 1993 Idaho Sess. Laws ch. 265, § 1, p. 898.

**3.** Idaho Code § 20–223(b) provides in relevant part:

No person serving a sentence for rape, incest, committing a lewd act upon a child, crime against nature, or with an intent or an assault with intent to commit any of said crimes or whose history and conduct indicate to the commission that he is a sexually dangerous person, shall be released on parole except upon the examination and evaluation of one or more psychiatrists or psychologists to be selected by the commission and such evaluation shall be duly considered by the commission in making its parole determination.

■ Further, to the extent Stillwell asserts that he will not be paroled in the future because he cannot "pass" the I.C. § 20–223 evaluation absent treatment, his claim for relief again fails because it is premature. As noted above, Stillwell has not yet been denied parole.

## CONCLUSION

In conclusion, we hold that Stillwell has failed to establish that he is entitled to the relief requested. He has not shown in what way any denial of due process at NICI resulted in prejudice to him before his sentencing judge. If anything, Stillwell benefited by his time at NICI in that his sentence was reduced to an indeterminate term based upon the favorable recommendation of the committee. This Court will not address the claimed denial of equal protection because the claim is premature. Finally, Stillwell does not have a right to psychological treatment during incarceration.

The district court's summary dismissal of Stillwell's application for post-conviction relief is affirmed.

WALTERS, C.J., and PERRY, J., concur.