906 P.2d 136

**Jose Luiz SOSA, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 21488.

Court of Appeals of Idaho.

May 5, 1995.

Church, Snow & Haley, Burley, for appellant. David W. Haley argued.

Alan G. Lance, Atty. Gen.; Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent. Myrna A.I. Stahman, argued.

PERRY, Judge.

In this case we are asked to review the denial of an application for post-conviction relief. After reviewing the record and applicable law, we affirm.

## FACTS AND PROCEDURE

In November of 1992, Jose Luiz Sosa pled guilty to one count of felony driving under the influence. I.C. §§ 18–8004 and 18–8005(3). He was sentenced to five years' incarceration with a minimum period of confinement of one and one-half years. The district court retained jurisdiction, however, so that Sosa could be evaluated at the North Idaho Correctional Institution (NICI) as a candidate for probation. On April 29, 1993, Sosa was notified that the jurisdictional review committee had tentatively decided not to recommend him for probation. Sosa, who does not speak English well, was placed in administrative segregation and was provided a fellow inmate to act as an interpreter. On May 3, 1993, Sosa appeared at a rebuttal hearing where he was allowed to present evidence regarding the committee's tentative recommendation. Only one of the inmates from whom Sosa had requested a statement actually submitted one. Sosa offered no other rebuttal evidence. After the hearing, the committee maintained its recommendation that Sosa not be placed on probation. The district court followed this recommendation and relinquished jurisdiction, ordering into execution the previously imposed sentence.

Sosa did not file a direct appeal, but eventually filed an application for post-conviction relief. In his application, Sosa alleged that the procedures used by the committee violated his right to due process and that his guilty plea was improperly entered. Prior to the evidentiary hearing on the application, an agreement was reached whereby the state

dismissed its request for summary disposition and Sosa agreed to limit the issues at the hearing to those involving the committee's procedures.

After the hearing, the district court denied Sosa's application for post-conviction relief. Sosa now appeals, claiming that the district court erred in its denial of his application. Sosa claims that the following errors entitled him to post-conviction relief:

(1) The NICI committee failed to provide him, prior to April 29, the information upon which they would rely in reaching the initial recommendation.

(2) The committee failed to provide adequate notice of the nature and format of the April 29 meeting and May 3 hearing.

(3) The committee failed to provide an evidentiary hearing prior to formulating its initial recommendation.

(4) The committee failed to allow Sosa to personally contact possible witnesses prior to the May 3 rebuttal hearing.

(5) The committee failed to allow Sosa to contact his court-appointed attorney between the time he was placed on administrative segregation and the May 3 hearing.

(6) The committee limited Sosa to presenting witnesses from among NICI staff and inmates, and evidence from his participation in the program at NICI, but considered information regarding his behavior prior to his arrival at NICI.

(7) By scheduling the rebuttal hearing only four days after the initial recommendation, Sosa was provided inadequate time to prepare.

(8) The committee failed to provide a skilled, unbiased and/or impartial translator for Sosa.

## ANALYSIS

■■■ An application for post-conviction relief under I.C. § 19–4901 is a special proceeding, civil in nature, and is an entirely new proceeding, distinct from the criminal action which led to the conviction. *Paradis v. State,* 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986); *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Nellsch v. State,* 122 Idaho 426, 430, 835 P.2d 661, 665

(Ct.App.1992). In a post-conviction proceeding, the burden is on the applicant to establish grounds for relief by a preponderance of the evidence. *Odom v. State,* 121 Idaho 625, 626, 826 P.2d 1337, 1338 (Ct.App.1992). In order to be granted post-conviction relief, an applicant must show that the "asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt," I.C. § 19–4901(b), or as in this case, the finding that Sosa was not a suitable candidate for probation.

### A. ISSUES ADDRESSED BY *BRADFORD V. STATE*

Sosa alleges that his due process rights were violated because: (1) he was not provided the information the committee relied on before their initial determination; (2) there was no evidentiary hearing held before the initial recommendation; and (3) he was not allowed to personally interview potential witnesses for the rebuttal hearing. These issues, however, were squarely addressed in this Court's opinion in *Bradford v. State,* 124 Idaho 788, 864 P.2d 626 (Ct.App.1993). In *Bradford,* we stated that:

> [*State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978) ] does not mandate that the inmate be present during the entire process by which a decision is reached by the committee. Although the initial meeting of the NICI committee is often referred to as a "hearing," it is in fact merely a conference where the committee reviews the inmate's record, considers staff evaluations, and develops a tentative recommendation as to whether the inmate should be placed on probation. An inmate does not have a right to be present during this meeting. So long as the inmate is provided the information upon which the committee bases its tentative decision, the committee does not rely upon secret information and the inmate is thereafter given an opportunity to present rebuttal evidence to the committee, the due process standards mandated by *Wolfe* have been met.

124 Idaho at 791, 864 P.2d at 629.

■■■ In this case the committee provided Sosa with the information which it relied

upon, did not utilize secret information and gave Sosa an opportunity to present rebuttal evidence. We conclude that there is no requirement to hold an evidentiary hearing and provide the inmate all relevant information before the committee makes its initial determination. Thus, Sosa's rights to due process were not violated in that regard.

As to Sosa's right to personally interview witnesses, we stated in *Bradford*:

> We interpret the prisoner's right to call witnesses under *Wolfe* to include a right to contact the witnesses in advance of the hearing in order to request their appearance and to ascertain the substance of their potential testimony. This contact need not be in person, however, but may be conducted through a third party such as the staff representative who assisted Bradford.

*Id.*

The record reflects that Sosa was allowed the opportunity to contact potential witnesses through a third party. Thus, we reject his claim that his due process rights were violated because he was not allowed to contact witnesses personally. The district court correctly determined that Sosa was not entitled to relief on these grounds.

## B. CONTACT WITH COUNSEL

Sosa claims that he was not allowed to contact his court appointed attorney from the underlying criminal matter in Cassia County to prepare for the rebuttal hearing. Though not an element of his burden of proof, we note that as a practical matter, Sosa does not indicate how he intended to discuss this matter long distance between the Cottonwood institution and Cassia County or who would bear the expense of said contact. The district court, relying on this Court's opinion in *Schmidt v. State*, 103 Idaho 340, 647 P.2d 796 (Ct.App.1982), stated that "a prisoner is not entitled to counsel at a classification (jurisdictional review) hearing." In *Schmidt*, we addressed whether an inmate was entitled to representation during the actual rebuttal hearing. Our analysis focused on whether the constitutional standards that require counsel for defendants in other settings applied to the jurisdictional review hearing. We concluded that:

> it would be inappropriate, and unjustified in this case, for us to impose an additional procedural requirement of assistance of counsel in such matters.

*Id.* at 349, 647 P.2d at 805.

■ Further, in *State v. Hanslovan*, 116 Idaho 266, 775 P.2d 158 (Ct.App.1989), we determined that denial of access to an inmate law clerk to assist in preparation for the rebuttal hearing was not a denial of due process. "The procedures set forth in *Wolfe* do not include the assistance of counsel or of an inmate law clerk." 116 Idaho at 268, 775 P.2d at 160. Some federal cases at least imply that access to means of contacting counsel may be required to satisfy federal due process. *See Browning v. Vernon*, 44 F.3d 818, 823 (9th Cir.1995).[1] In the absence of a clear statement that federal due process standards require access to outside counsel to prepare for the hearing, however, we are constrained to follow our own prior decisions and those of the Idaho Supreme Court. The due process requirements mandated by *Wolfe* do not require that an inmate be allowed to contact an attorney in preparation for the rebuttal hearing. Therefore, we conclude that the district court was correct in concluding that Sosa was not entitled to relief based on this claim.

## C. ADEQUATE NOTICE OF HEARINGS AND TIME TO PREPARE

■ In his application, Sosa complained that he was not given adequate notice re-

---

1. It is unclear from the language of *Browning* whether the Ninth Circuit meant to include attorney contact when it stated that "a reasonable official would know that an inmate would not be able to adequately prepare for the rebuttal hearing or call witnesses at the hearing after being placed in segregation with no outside contact." 44 F.3d at 823. Although discussing contact with an attorney to prepare for the hearing elsewhere in the decision, the "outside contact" language is also referring to contact with inmate witnesses and institution personnel. Idaho Courts have previously held that this latter contact is required to satisfy due process. *See State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978); *Bradford v. State*, 124 Idaho 788, 864 P.2d 626 (Ct.App.1993).

garding the nature and format of the April 29 meeting and May 3 hearing. The district court, however, found that Sosa had been informed of his right to a rebuttal hearing, that he could call four witnesses and that the witnesses he selected would be contacted and asked to give written statements. Sosa also signed forms that indicated he had been given the above information. Sosa does not contradict these findings, but instead makes vague allegations that he should have been given a more detailed description of the proceedings, including the initial committee meeting.

As noted above, it was Sosa's burden to establish, by a preponderance of the evidence, that he was improperly informed regarding the procedure of the hearings and not given adequate time to prepare. The determination by the district court that Sosa did not prove these allegations is supported by the evidence in the record. Thus, we conclude that the district court did not err in refusing to grant relief on these grounds.

As to Sosa's claim that he was given inadequate time to prepare for the hearing, the district court determined that, "the petitioner has failed to show, by a preponderance of the evidence, that he was denied adequate time to prepare his rebuttal to the Jurisdictional Review Committee's preliminary or initial recommendation." Sosa does not allege how his preparation suffered because he was given only four days' notice of the hearing. The record supports the district court's conclusion that Sosa failed to prove that the time he was given to prepare was inadequate.

### D. FAILURE TO ESTABLISH PREJUDICE

■■ Sosa initially asserted in his brief that the burden of proving prejudice in a post-conviction proceeding should not be placed on the applicant. Instead, he claimed that it is the state's burden to establish a lack of prejudice. At oral argument, however, Sosa conceded that his assertion in his brief was incorrect because Idaho case law placed the burden to establish prejudice on the applicant. We have held on numerous occasions that not only does the applicant carry the burden to establish error, but must also show prejudice resulting therefrom. *See e.g. Ivey v. State*, 123 Idaho 77, 844 P.2d 706 (1992); *Reynolds v. State*, 126 Idaho 24, 878 P.2d 198 (Ct.App.1994); *Fodge v. State*, 125 Idaho 882, 876 P.2d 164 (Ct.App.1994); *Bradford v. State*, 124 Idaho 788, 864 P.2d 626 (Ct.App.1993).

Having determined that it was Sosa's burden to establish prejudice, Sosa's remaining claims were properly dismissed for failure to make such a showing. Sosa alleges that the committee did not allow him to rebut, presumably through witnesses and documentary evidence, evidence of his conduct and record prior to his arrival at NICI. He does not state, however, what information was incorrect or how that information would have been challenged.[2] Sosa alleges that the committee failed to provide a skilled, unbiased interpreter for him during the proceedings. He does not indicate how the interpreter that was provided failed him. Sosa does not claim that the translation was erroneous or that the lack of skill of the translator led to some error or deficiency in the presentation of his rebuttal. Although this Court has concerns that the informal practice of assigning another inmate to serve as an interpreter may not provide adequate safeguards to insure the competence and accuracy of translations, we are not persuaded that Sosa is entitled to relief on this ground. Thus, we conclude that the district court was correct in denying Sosa relief on these claims.

### CONCLUSION

A number of issues raised by Sosa were squarely addressed by this Court in *Bradford*. There was no right to the assistance of

---

**2.** Sosa also implies that is was improper for the committee to consider such evidence. As we have stated, "The purpose of the retained jurisdiction procedure is to provide a period for evaluation of the offender's potential for rehabilitation and suitability for probation." *Bradford v. State*, 124 Idaho 788, 790, 864 P.2d 626, 628 (Ct.App.1993). Considering all the evidence, including a defendant's prior criminal history, his performance on past parole or probation periods and any previous evaluations is essential to that determination. We reject Sosa's implication that it was improper for the committee to consider such information.

counsel in preparation for the hearing and Sosa was not entitled to relief on that ground. Sosa failed to establish that he had not been properly notified of the nature of the proceeding and that he had been given inadequate time to prepare for the hearing. Sosa's remaining claims fail because he has not established that he suffered any prejudice from the alleged errors. The order of the district court denying Sosa's application for post-conviction relief is affirmed.

WALTERS, C.J., and LANSING, J., concur.