903 P.2d 1331

**Robert JANUARY, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 21589.

Court of Appeals of Idaho.

July 26, 1995.

Rehearing Denied Sept. 5, 1995.

Van G. Bishop, Canyon County Public Defender, Nampa, for appellant.

Alan G. Lance, Atty. Gen.; Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

PERRY, Judge.

In this case, we review the summary dismissal of an application for .post-conviction relief. After reviewing the record and the application filed below, we affirm.

In May of 1992, Robert January was convicted of one count of attempted sexual abuse of a child under the age of sixteen. I.C. § 18–1506. He was sentenced to a determinate term of seven and one-half years. The sentencing court, however, retained jurisdiction so that January could be evaluated as a candidate for probation at the North Idaho Correctional Institution (NICI). Because of staff assertions that he was disruptive, January's jurisdictional review hearing was moved from September 10, 1992, to August 31, 1992.

Following the hearing, the jurisdictional review committee recommended that January not be placed on probation. The district court relinquished jurisdiction and imposed the sentence.

In December of 1993, January filed an application for post-conviction relief, alleging that he had been denied due process during the jurisdictional review proceedings. The state filed an answer and sought summary dismissal of January's petition under I.C. § 19–4906. The district court granted the state's motion for summary dismissal. January now appeals, alleging the district court erred in summarily dismissing his application.

I.

ANALYSIS

We first note that an application for post-conviction relief under I.C. § 19–4901 is a special proceeding, civil in nature, and is an entirely new proceeding, distinct from the criminal action which led to the conviction. *Paradis v. State,* 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986); *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Nellsch v. State,* 122 Idaho 426, 430, 835 P.2d 661, 665 (Ct.App.1992).

An application for post-conviction relief differs from a complaint in an ordinary civil action, however, for an application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not attached. I.C. § 19–4903. In other words, the application must include or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code § 19–4906(c) provides that the district court may dismiss, on a

motion, an application for post-conviction relief unless the application contains allegations which, if proved, would entitle the applicant to the remedy sought. *Griffith v. State,* 121 Idaho 371, 825 P.2d 94 (Ct.App.1992). On review of a dismissal of a post-conviction application without an evidentiary hearing, we will determine whether a genuine issue of fact exists and whether any relief is available based on the pleadings, depositions, admissions and affidavits on file. I.C. § 19-4906(c); *Jones v. State,* 125 Idaho 294, 295, 870 P.2d 1, 2 (Ct.App.1994).

## A. LACK OF NOTICE OF INITIAL HEARING

■ January claims he was given improper notice of the jurisdictional review committee's initial meeting which reached the preliminary determination not to recommend probation. He also claims that he was not allowed to participate in that meeting and that the information the committee relied on was not provided to him until after the initial determination had been made. Following *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978), this Court stated in *Bradford v. State,* 124 Idaho 788, 864 P.2d 626 (Ct.App.1993):

> However, *Wolfe* does not mandate that the inmate be present during the entire process by which a decision is reached by the committee. Although the initial meeting of the NICI committee is often referred to as a "hearing," it is in fact merely a conference where the committee reviews the inmate's record, considers staff evaluations, and develops a tentative recommendation as to whether the inmate should be placed on probation. An inmate does not have a right to be present during this meeting. So long as the inmate is provided the information upon which the committee bases its tentative decision, the committee does not rely upon secret information and the inmate is thereafter given an opportunity to present rebuttal evidence to the committee, the due process standards mandated by *Wolfe* have been met.

124 Idaho at 791, 864 P.2d at 629. The district court determined that even if January's allegations were true—that he was excluded from the initial committee meeting—he was not entitled to any relief. We agree. Based on *Bradford,* January's allegations regarding the initial committee meeting did not entitle him to relief, and the post-conviction application was properly dismissed without an evidentiary hearing on this issue.

## B. POST–RECOMMENDATION SEGRE-GATION

January next asserts that following the committee's initial determination, he was not allowed to properly prepare for the rebuttal hearing. He claims he was placed in administrative segregation and was not allowed to contact witnesses, was denied access to books and other materials and was not allowed the assistance of counsel or an inmate law clerk. January also claims that he was given inadequate time to prepare for the hearing. The district court determined that, although January was not allowed to contact witnesses personally, he was given the opportunity, through the aid of a third party, to contact witnesses and arrange for their testimony at the rebuttal hearing. The district court also found that January had been given approximately three days to prepare for the hearing. Finally, the district court determined that January was not entitled to the aid of counsel or an inmate law clerk in preparation for the hearing.

■ January ambiguously stated in his application that he was "denied access to other inmates, preventing any discussion with potential witnesses." Though it is true that he was denied personal access to inmates, the record reflects that January listed four witnesses whom he wished to have contacted in preparation for the rebuttal hearing. Two of those witnesses testified at the hearing and a third provided a written statement. Again this issue is addressed in *Bradford* where we stated:

> We interpret the prisoner's right to call witnesses under *Wolfe* to include a right to contact the witnesses in advance of the hearing in order to request their appear-

638

ance and to ascertain the substance of their potential testimony. This contact need not be in person, however, but may be conducted through a third party such as the staff representative who assisted Bradford.

124 Idaho at 791, 864 P.2d at 629.

█ In his application, January also alleges that he was not given access to counsel or the assistance of an inmate law clerk to aid in the preparation of his rebuttal. This Court recently held, in *Sosa v. State*, 127 Idaho 766, 906 P.2d 136 (Ct.App. No. 21488, slip op. May 5, 1995), that the assistance of counsel or an inmate law clerk is not constitutionally required under *Wolfe*. Thus, the district court correctly concluded that even if January's allegations were true, he was not entitled to relief.

█ January claims he was given inadequate time to prepare for the rebuttal hearing. Evidence in the record shows that January had been given approximately three days to prepare for the hearing. January also signed a form indicating he had been given adequate time to prepare and that if he made a request in writing, more time would be given. January made no such request.

█ Moreover, in addition to establishing error, the applicant also carries the burden to show prejudice resulting therefrom. *See e.g., Ivey v. State*, 123 Idaho 77, 844 P.2d 706 (1992); *Reynolds v. State*, 126 Idaho 24, 878 P.2d 198 (Ct.App.1994); *Fodge v. State*, 125 Idaho 882, 876 P.2d 164 (Ct.App.1994); *Bradford v. State*, 124 Idaho 788, 864 P.2d 626 (Ct.App.1993). In this case, January has not demonstrated how he would have presented his case differently had he been given more time. He does not indicate that additional witnesses would have been called or that his written statements or presentation to the committee would have been different. Allegations of error, unaccompanied by a showing of prejudice, do not entitle an applicant to an evidentiary hearing. The district court correctly dismissed January's application in that regard.

█ Finally, as to January's claim that he was denied access to books and other materials, he again has failed to establish prejudice. Nothing in either his affidavit or the record itself indicate what materials January is claiming he was denied access to. He does not state how the lack of these materials affected the preparation of his rebuttal statement nor does he show how the proceeding would have been different had these materials been available. Without a proper showing of prejudice, the district court properly dismissed this claim in the post-conviction application.

## C. PSYCHOLOGICAL REPORT

January asserts that he was not given the opportunity to review and rebut a psychological report reviewed by the committee prior to making its recommendation. The district court, however, determined that the report was not available prior to the initial meeting or the rebuttal hearing and could not have been relied upon by the committee in making its decision.

The evaluation proceedings at NICI culminated in January's rebuttal hearing of August 31, 1992. At that time, the committee had formulated an initial recommendation and allowed January the opportunity to rebut any information that the committee may have used in making its recommendation. The psychological report in question was not prepared until September 3, 1992. After the hearing, a letter from the committee was sent to the district court which noted: "the psychological evaluation had not yet been prepared at the time the committee decision was made. Therefore, it was not a factor in our decision." The district court does not, however, address whether it considered the psychological report in reaching its decision to relinquish jurisdiction without providing January an opportunity to rebut the report.

█ The procedural safeguards mandated by *Wolfe* require that the inmate "be given an opportunity to explain or rebut any testimony or recommendations." *Wolfe*, at 389, 582 P.2d at 735. The purpose of such

safeguards is to "help ensure the report is as complete as possible and guarantee a basic fairness for both the prisoner and the sentencing judge." *Id.* The procedure employed here—sending to the judge evidence compiled by the personnel at NICI that has not been subjected to the hearing process and a rebuttal opportunity—both circumvents the procedural standards required by *Wolfe* and undermines the objective of assuring that the information submitted to the court is accurate, fair and complete.

Assuming any error in the procedure followed in his case, however, no right to relief has been demonstrated by January. In *Thorgaard v. State,* 125 Idaho 901, 905, 876 P.2d 599, 603 (Ct.App.1994), we stated:

> Even assuming Thorgaard did have a right to learn of the statements contained in the psychologist's report, he has failed to demonstrate that the deprivation of such right resulted in any prejudice that would entitle him to relief. To demonstrate prejudice, it was incumbent upon Thorgaard to show what he would or could have done to rebut or explain the report. Although Thorgaard obtained and reviewed the written report prior to the post-conviction relief hearing, he has identified no inaccuracies in that report, nor has he offered anything to rebut or explain any of [the] statements contained therein. Absent a showing of prejudice, the Committee's withholding of the psychological report does not provide a basis for post-conviction relief.

(Citation omitted). Like the applicant in *Thorgaard,* January, who now has access to the psychological report, has identified no deficiency or inaccuracy therein, nor stated how he would have rebutted any information in the report if it had been disclosed to him before a hearing was conducted. Accordingly, we affirm the denial of post-conviction relief predicated on the nondisclosure of the psychological report.

## II.

### CONCLUSION

The district court did not err in summarily dismissing January's application for post-conviction relief. January was not entitled to notice of the jurisdictional review committee's initial meeting or to be present when the initial determination was made. Similarly, January was not entitled to personally contact witnesses for the rebuttal hearing— contact of witnesses through a third party was constitutionally adequate in this case. January was not entitled to the assistance of counsel or an inmate law clerk in preparation for the rebuttal hearing. January has failed to demonstrate how he was prejudiced by the limitation of the amount of time he was given to prepare and therefore not entitled to relief on the grounds that such time was inadequate. January has further failed to demonstrate how he was prejudiced with regard to his allegation that he was denied access to books or other materials. Finally, the committee did not rely upon the psychological report prepared on January because the report was unfinished when the committee made its recommendation. Thus, January's claim that he was unable to rebut the report does not entitle him to relief.

The order of the district court summarily dismissing January's application is affirmed.

WALTERS, C.J., and LANSING, J., concur.