**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40293**

| | | |
|---|---|---|
| **LAWRENCE JOSEPH OLSON,** | ) | **2013 Unpublished Opinion No. 766** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: November 26, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Order denying petition for post-conviction relief, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Lawrence Joseph Olson appeals from the district court's second order denying his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Olson pled guilty to felony driving under the influence and being a persistent violator. The district court sentenced Olson to a unified life term, with a minimum period of confinement of seven years, to run concurrently with an unrelated sentence. Olson filed an Idaho Criminal Rule 35 motion, which the district court denied. Olson appealed and this Court affirmed his judgment of conviction and sentence in *State v. Olson*, Docket No. 35049 (Ct. App. Dec. 23, 2008) (unpublished).

Thereafter, Olson filed a petition for post-conviction relief and a motion for appointment of counsel. The State filed an answer to the petition but did not request summary dismissal. The

1

district court dismissed the petition but allowed twenty days for Olson to file an amended petition regarding an ineffective assistance of counsel claim. The district court did not rule on Olson's motion for appointment of counsel and did not provide Olson with the required notice of intent to dismiss. Olson filed a first amended petition for post-conviction relief, to which the State responded with a motion for summary dismissal. Olson filed a response and again requested appointment of counsel, which the district court granted. The district court then granted the State's motion for summary dismissal as to all but one claim. The district court again allowed twenty days for Olson to file an amended petition with more specificity as to the claim that defense counsel failed to inform him of his right to remain silent in relation to sentencing. Olson, through appointed counsel, then filed a second amended petition for post-conviction relief claiming ineffective assistance of counsel. His second amended petition was denied following an evidentiary hearing.

Olson appealed, claiming that the district court erred by failing to rule on his motion for appointment of counsel before ruling on the merits of his original petition and by failing to provide notice of its intent to dismiss his original petition. Olson also claimed that the district court erred by dismissing two of the claims in his first amended petition on grounds other than those asserted by the State in its motion for summary dismissal. This Court affirmed the order granting partial summary dismissal of the first amended petition, but reversed the order dismissing the original petition and remanded the case for further proceedings.

Subsequently, Olson again requested the appointment of counsel to represent him in his original petition, which the district court granted. At the scheduling hearing, appointed counsel requested ninety days to prepare for an evidentiary hearing. The district court denied the request and scheduled an evidentiary hearing forty-three days later. Following the evidentiary hearing, the district court denied Olson's original petition for post-conviction relief. Olson timely appeals.

## II.

## ANALYSIS

Olson contends that the district court erred when it: (1) denied counsel's request for ninety days to prepare for the evidentiary hearing; and (2) denied his petition for post-conviction relief. In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. Idaho Code § 19-4907; *Stuart v. State*, 118

2

Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. Idaho Rule of Civil Procedure 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

As to Olson's first contention, he asserts that the district court erred by only allowing counsel forty-three days to prepare for the evidentiary hearing. According to Olson, his counsel did not have enough time to understand his post-conviction claims and was therefore unable to effectively assist him. The State argues that Olson is unable to show that forty-three days is inadequate time to prepare for an evidentiary hearing and that the record shows that counsel repeatedly assured the court that counsel was prepared for the evidentiary hearing. Pursuant to I.R.C.P. 40(b), the court, on its own initiative, may set an action for trial. Trial judges require a great deal of latitude in scheduling trials. *State v. Cagle*, 126 Idaho 794, 797, 891 P.2d 1054, 1057 (Ct. App. 1995) (quoting *State v. Carman*, 114 Idaho 791, 793, 760 P.2d 1207, 1209 (Ct. App. 1988)). We conclude that Olson failed to demonstrate that forty-three days was insufficient time for counsel to prepare for an evidentiary hearing. Olson provides no authority supporting his claim that forty-three days is insufficient.[1] Moreover, Olson did not object to the district court's order scheduling the hearing forty-three days later and did not file a motion for continuance at any point prior to the hearing. Additionally, at the evidentiary hearing Olson's

---

[1] Olson cites to two cases to support his argument. In the first case, *January v. State*, 127 Idaho 634, 903 P.2d 1331 (Ct. App. 1995), January alleged that three days was not enough time for him to prepare for an administrative jurisdictional review hearing. This Court rejected that claim, noting that January signed a form indicating he had enough time to prepare for the hearing and he failed to request more time. *Id.* at 638, 903 P.2d at 1335. In the second case, *Hawk v. Olson*, 326 U.S. 271 (1945), the United States Supreme Court held that it was a violation of the Fourteenth Amendment when a defendant, charged with murder, was unable to consult with his attorney prior to trial. *Id.* at 278. These cases offer no support for Olson's claims.

counsel repeatedly represented to the court that he was prepared to proceed and develop evidence.

Olson also contends that the district court erred by summarily dismissing his petition when there existed a genuine issue of material fact. The State asserts that the district court denied Olson's petition following an evidentiary hearing. The record demonstrates that the district court scheduled the petition for an evidentiary hearing wherein Olson presented testimony and evidence regarding the basis of his claims. The district court then denied the petition, stating that Olson presented testimony of his claims at an evidentiary hearing and each claim was taken up individually and exhaustively, but nonetheless, Olson failed to present sufficient evidence to support his claims. Thus, Olson's claim that the district court erred by summarily dismissing his petition is without merit. In his reply brief, Olson, for the first time, makes several arguments regarding the validity of the evidentiary hearing. This Court will not consider arguments raised for the first time in the petitioner's reply brief. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005). We only look to the initial brief on appeal for the issues presented because those are the arguments and authority to which the respondent has an opportunity to respond. *Id.* Accordingly, we will not address Olson's claims raised for the first time in his reply brief.[2] We have reviewed the district court's denial of Olson's claims and conclude that Olson has failed to demonstrate error.

---

[2]     Even if we were to consider the claims raised in Olson's reply brief, those claims would detain us only for a moment. First, Olson contends that the hearing was in regard to summary dismissal because the district court stated that if the claims survived the hearing, the State would be allowed to present evidence at a later time. This does not demonstrate that the hearing was not an evidentiary hearing. Indeed, at an evidentiary hearing the petitioner has the burden to prove the allegations by a preponderance of the evidence. Idaho Code § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). Consistent with this standard, the district court allowed Olson an opportunity to present evidence to prove his allegations with the understanding that the State would later present evidence against the allegations if Olson met his burden. Second, Olson contends that he was not provided with sufficient notice that the hearing was evidentiary in nature and he was not allowed to present evidence, besides his own testimony, in support of his allegations. Contrary to Olson's argument, the district court provided notice of the evidentiary hearing forty-three days in advance and stated that Olson would be allowed to present evidence supporting his petition at the hearing. The transcript of the hearing further demonstrates that Olson was allowed to present evidence and, in fact, did present more evidence than just his testimony as he also admitted his guilty plea questionnaire, original petition, and affidavit in support of his petition. Third, Olson contends that even if the hearing was an evidentiary

4

### III.

### CONCLUSION

The district court properly denied Olson's petition for post-conviction relief. Accordingly, the district court's second order denying Olson's petition for post-conviction relief is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**

---

hearing, he proved his claims by a preponderance of the evidence. Nonetheless, the only claim Olson argues was sufficiently proved was a claim that was already fully litigated in his second amended petition and therefore, was not a claim the court considered at the evidentiary hearing.