910 P.2d 176

John BELL, Petitioner–Appellant,

v.

STATE of Idaho, Respondent.

No. 21713.

Court of Appeals of Idaho.

Jan. 26, 1996.

David N. Parmenter, Blackfoot, for appellant.

Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

John Jakes Bell filed an application for post-conviction relief alleging that he was deprived of due process in jurisdictional review proceedings. The district court summarily dismissed Bell's application on the ground that it was barred by the statute of limitation. Finding no error in the district court's decision, we affirm.

Bell was convicted of vehicular manslaughter and aggravated driving under the influence of alcohol. The district court imposed a unified seven-year sentence with a three-year minimum term of incarceration for vehicular manslaughter and a consecutive unified sentence of five years with a one-year minimum term for aggravated DUI. In response to an I.C.R. 35 motion for reduction of the sentences, the district court modified the sentences by retaining jurisdiction pursuant to I.C. § 19–2601(4). Bell was then sent to the North Idaho Correctional Institution (NICI) for evaluation. At the end of Bell's period of retained jurisdiction, the district court followed the NICI Jurisdictional Review Committee's recommendation to relinquish jurisdiction. The order relinquishing jurisdiction was entered on March 4, 1989.

Nearly five and one-half years later, on August 10, 1994, Bell filed a pro se application for post-conviction relief, alleging that he had been denied due process in the jurisdictional review proceedings at NICI. The State filed a motion to dismiss Bell's application and a supporting brief, asserting that Bell's claims were barred by the statute of limitation, I.C. § 19–4902. Counsel was appointed to represent Bell, and an affidavit prepared by counsel was filed, apparently in response to the State's motion. The affidavit presented Bell's testimony regarding actions at NICI which Bell contends constituted a deprivation of due process, but the affidavit did not in any way address the statute of limitation defense raised by the State. At a hearing on the State's motion to dismiss, counsel for Bell did not appear, and the court granted the State's motion. Bell appeals

from this holding that his post-conviction claims are barred by the statute of limitation.

At the time of Bell's conviction I.C. § 19–4902 provided a limitation period for post-conviction actions of five years from the expiration of the time for appeal in the criminal case, or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later. 1988 Sess.Laws, ch. 76, p. 131.[1] Bell did not file an appeal in the criminal action. Therefore, absent some circumstance extending or tolling the limitation period, the time for initiating a post-conviction claim expired on April 15, 1994 (five years from the last day on which Bell could have appealed from the district court's order relinquishing jurisdiction).

Bell argues, however, that there has been a recent change of law regarding due process rights of prisoners at NICI, which should be applied retroactively to Bell, and that this change of law created a new right of action not barred by the statute of limitation. In *Browning v. Vernon,* 874 F.Supp. 1112 (D.Idaho 1994), the United States District Court enjoined certain procedures used at NICI which, the court found, exposed inmates to "a high risk that their liberty interest in a fair process would be deprived." *Id.* at 1124. Bell contends that this decision establishes that certain practices in effect at NICI while Bell was incarcerated there violated due process rights of inmates, and that this holding represents a change of law. Citing *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); *Tehan v. United States ex rel. Shott,* 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966); and *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), Bell argues that the holding in *Browning* should be applied retroactively to prisoners like him for whom the Jurisdictional Review Committee at NICI did not recommend probation to the sentencing court. Thus, as stated in his brief, "It is the appellant's position that the statute of limitations should be disregarded, since his

1. Effective July 1, 1993, an amendment to I.C. § 19–4902 shortened the limitation period to one year. 1993 Sess.Laws, ch. 265, p. 898. Because the original five-year statute of limitation on

Bell's right of action expired earlier than one year after the effective date of the 1993 amendment, the amendment did not shorten the limitation period for Bell's action.

petition is based on constitutional grounds which did not exist during the running of the statute of limitations."

■ The State correctly points out that this basis for avoiding the statute of limitation bar, predicated on *Browning,* was not raised by Bell until this appeal. The district court was not asked by Bell to consider the effect of *Browning* on the statute of limitation defense. It is a fundamental tenet of appellate review that issues which are raised for the first time on appeal will not be considered. *State v. Russell,* 122 Idaho 488, 490, 835 P.2d 1299, 1301 (1992); *State v. Lavy,* 121 Idaho 842, 828 P.2d 871 (1992); *State v. Pizzuto,* 119 Idaho 742, 810 P.2d 680 (1991), *cert. denied,* 503 U.S. 908, 112 S.Ct. 1268, 117 L.Ed.2d 495 (1992); *Whitehawk v. State,* 119 Idaho 168, 804 P.2d 341 (Ct.App.1991).

■ Even assuming the issue is properly before us, however, Bell has not demonstrated, at least with respect to his own alleged grounds for relief, that he lacked a right of action prior to the federal court's decision in *Browning.* Since the Idaho Supreme Court's seminal decision in *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978), it has been the law of this state that, before a report is sent to the sentencing judge regarding a prisoner on retained jurisdiction, a hearing must be conducted and certain procedural safeguards observed:

> The prisoner must be given adequate notice before the hearing, including notice of the substance of all matters that will be considered. The prisoner must be given an opportunity to explain or rebut any testimony or recommendations. In addition, the prisoner must be free to call witnesses in his behalf from among the employees and other prisoners at NICI. This information should be included in the report sent back to the sentencing judge.

*Id.* at 389, 582 P.2d at 735. In *Wolfe,* the Supreme Court expressly declared that inmates who had been denied these procedural safeguards could seek relief through an action for post-conviction relief. *Id.* at 390, 582 P.2d at 736. Since then, numerous decisions of the Idaho appellate courts have reiterated and further defined the due process rights recognized in *Wolfe. See, e.g., Thorgaard v. State,* 125 Idaho 901, 876 P.2d 599 (Ct.App. 1994) (inmate was denied due process because he was not informed of statements in social worker's report upon which the Jurisdictional Review Committee relied); *Free v. State,* 125 Idaho 760, 874 P.2d 571 (Ct.App. 1993) (denial of writing materials for use in preparing for rebuttal hearing was a deprivation of due process); *Bradford v. State,* 124 Idaho 788, 864 P.2d 626 (Ct.App.1993) (right to call witnesses includes right to contact prospective witnesses through a staff representative to ascertain the substance of potential testimony, the right to have witnesses testify in person rather than through written statements, and the right to call for cross-examination witnesses who have already given negative evaluations to the committee); *McDonald v. State,* 124 Idaho 103, 856 P.2d 893 (Ct.App.1992) (*Wolfe* standards not met where inmate received no advance notice of, nor a hearing upon, a recommendation that probation be denied); *State v. Hanslovan,* 116 Idaho 266, 775 P.2d 158 (Ct.App.1989) (procedural standards violated where officials refused to call three officers requested by the inmate); *Dyer v. State,* 115 Idaho 773, 769 P.2d 1145 (Ct.App.1989) (procedural standards of *Wolfe* were violated where NICI committee convened hearing on less than 24 hours' notice to the prisoner, considered information from a confidential source and denied the prisoner an opportunity to confront the source or to attack that source's reliability through testimony of other witnesses).

Thus, for nearly eighteen years it has been recognized in the law of this state that prisoners who can demonstrate that they were deprived of due process to their prejudice may obtain relief through a post-conviction proceeding. Bell's allegations include claims that he was given insufficient time to prepare for his hearing, that he was denied use of a pencil and paper to prepare his rebuttal and that the Committee refused his request to call witnesses. As the foregoing authorities illustrate, these allegations presented recognized grounds for post-conviction relief prior to *Browning.* Thus, Bell fails in his assertion that his action is based upon constitutional grounds that did not exist until the *Browning* decision was issued.

Finally, we observe that the filing date of Bell's application for post-conviction relief, August 10, 1994—which was more than one and one-half months *before* issuance of the *Browning* decision by the United States District Court on September 30, 1994—belies his assertion that the belated application was prompted by a change in the law effectuated by *Browning.*

Accordingly, we find no error in the district court's determination that the limitation period for this action had expired before Bell filed his application for post-conviction relief. The district court's order dismissing Bell's application is affirmed.

WALTERS, C.J., and PERRY, J., concur.