918 P.2d 602

**Walter CHAPMAN, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 21763.

Court of Appeals of Idaho.

Feb. 1, 1996.

Rehearing Denied April 8, 1996.

Petition for Review Denied
July 2, 1996.

Van G. Bishop, Canyon County Public Defender, Nampa, for appellant.

Alan G. Lance, Attorney General; and Michael A. Henderson, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

This is a post-conviction relief proceeding in which Walter Chapman alleges that he was deprived of due process in jurisdictional review proceedings at the North Idaho Correctional Institution (NICI). The district court summarily dismissed the action on the ground that Chapman's claim is barred by the statute of limitation. Chapman appeals, arguing that the statute of limitation did not

begin to run until he became aware of his right to relief.

On March 16, 1989, Chapman was convicted of rape and received a unified fifteen-year sentence with a five-year minimum term of incarceration. The district court retained jurisdiction pursuant to I.C. § 19–2601(4), however, and Chapman was incarcerated at NICI during the period of retained jurisdiction. The district court subsequently relinquished jurisdiction and ordered execution of the original sentence. Chapman appealed, and this Court affirmed the judgment of conviction on September 6, 1991. *State v. Chapman,* 120 Idaho 466, 816 P.2d 1023 (Ct. App.1991).

Nearly three years later, on August 3, 1994, Chapman filed an application for post-conviction relief alleging various due process violations in the jurisdictional review proceedings at NICI. The State filed a motion to dismiss Chapman's application, asserting that it was untimely under the provisions of I.C. § 19–4902, and the district court granted the State's motion.

At the conclusion of Chapman's criminal appeal, I.C. § 19–4902 provided that an application for post-conviction relief may be filed within five years from "the expiration of the time for appeal or from determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." 1988 Sess. Laws, ch. 76, p. 131. The remittitur from Chapman's appeal was issued on September 30, 1991. Therefore, under the law existing at the conclusion of Chapman's appeal, he had until September 30, 1996, to initiate an action for post-conviction relief. In 1993, however, the Idaho Legislature amended I.C. § 19–4902 to reduce the limitation period to one year. 1993 Sess. Laws, ch. 265, p. 898. This amendment took effect on July 1, 1993, I.C. § 67–510, and shortened the statute of limitation for Chapman's claim to one year from the effective date of the amendment. See *University of Utah Hospital v. Pence,* 104 Idaho 172, 176, 657 P.2d 469, 473 (1982); *LaFon v. State,* 119 Idaho 387, 807 P.2d 66 (Ct.App.1991); *Mellinger v. State,* 113 Idaho 31, 740 P.2d 73 (Ct.App.1987). In *Pence,* The Idaho Supreme Court addressed the impact on existing claims of a legislative enactment that reduced a statute of limitation. The Court stated:

> [T]here is almost universal agreement that when a statutory period of limitation is amended to reduce the limitation period, the party whose right accrues before the effective date of the amendment cannot be heard to complain if he is given the full time allowed for action according to the terms of the amended statute from and after the effective date of the amended statute.

*Id.,* at 175, 657 P.2d at 472. Hence, unless the limitation period for Chapman's action was somehow tolled, it expired on July 1, 1994, which is one year after the effective date of the 1993 amendment and more than one month before Chapman's application was filed.

Chapman argues, however, that the statute of limitation does not bar his action for two reasons. First, Chapman asserts that, due to the unique circumstances of his incarceration, strict application of § 19–4902 would violate his constitutional right to access to the courts. Chapman points out that from August 1990 until April 1993, he was not incarcerated at a correctional facility operated by the Idaho Board of Correction but, instead, was held as a state prisoner at the Shoshone County jail. In April 1993, he was moved from the Shoshone County jail to the Idaho Correctional Institution at Orofino (ICI). Chapman states that while confined in the Shoshone County jail he had no access to a law library, law books or the legal assistance of inmate law clerks. These conditions, he asserts, did not comply with the requirement articulated in *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)—and applied to Idaho correctional institutions in *Lindquist v. Idaho State Board of Corrections,* 776 F.2d 851 (9th Cir.1985)— that inmates be afforded adequate law libraries or adequate assistance from persons trained in the law in order to assure inmates meaningful access to the courts. According to Chapman, because of this deprivation of access to a law library or legal advisors while at the Shoshone County jail, he was ignorant of his right to pursue a post-conviction relief

action for violation of due process rights at NICI and was denied access to the courts. Because of this violation of *Bounds v. Smith* standards, Chapman asserts that the statute of limitation should not bar his claim.

■ It is not necessary, however, that we determine in this case whether the statute of limitation for a prisoner's post-conviction action should be tolled as a remedy for incarceration under conditions failing to meet *Bounds v. Smith* standards. Even if the statute of limitation was thus tolled, Chapman's post-conviction application was still untimely, for the allegedly unconstitutional conditions of Chapman's confinement had terminated prior to July 1, 1993, the date when the one-year statute of limitation took effect. Chapman acknowledges that he was transported to ICI in April 1993, and he makes no contention that the library and paralegal assistance then made available to him were inadequate. He had more than one year after his relocation to ICI, and before expiration of the statute of limitation on July 1, 1994, within which to file his post-conviction action. Therefore, Chapman's allegations regarding his incarceration at the Shoshone County jail are immaterial to the State's statute of limitation defense.

Chapman's second argument is that a "discovery exception" should be applied so that the limitation period would not begin to run until Chapman became "aware he had a viable post-conviction opportunity." In an affidavit filed in support of his application for post-conviction relief, Chapman stated that until approximately April 1994, he was unaware of the Idaho Supreme Court's decision in *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978), which established due process standards for jurisdictional review proceedings at NICI. According to the affidavit, Chapman did not learn of these due process rights— and thus that he had a right to post-conviction relief for their violation—until he was so informed by another inmate who was transferred to ICI in April 1994.

The Idaho appellate courts have never determined whether a discovery exception should be engrafted onto I.C. § 19–4902. In *Housley v. State*, 119 Idaho 885, 888, 811 P.2d 495, 498 (Ct.App.1991), we noted that

the argument for a discovery exception to I.C. § 19–4902 "may have merit in some cases," but we did not decide that issue because the record disproved the applicant's allegation of late discovery of the facts upon which he based his claim for relief. In *La-Fon, supra*, we observed that the district court had applied a discovery exception to a claim for post-conviction relief that was based upon a change of policy by the Commission of Pardons and Parole that occurred approximately eight years after the inmate's conviction. We were not called upon to determine the propriety of the district court's allowance of a discovery exception, however, because the State did not challenge it but, rather, conceded that a discovery exception was applied properly on the facts of that case. *LaFon,* 119 Idaho at 390 and n. 5, 807 P.2d at 69 and n. 5.

■ Even assuming that this Court were to recognize a discovery exception to the time limits of I.C. § 19–4902, however, it would be of no avail to Chapman, for it is the failure to discover facts, not the unawareness of legal theories, that may in some circumstances delay commencement of a limitation period. As stated by the Washington Supreme Court in *Allen v. State,* 118 Wash.2d 753, 826 P.2d 200, 203 (1992):

> The key consideration under the discovery rule is the factual, not the legal, basis for the cause of action. The action accrues when the plaintiff knows or should know the relevant facts, whether or not the plaintiff also knows that these facts are enough to establish a legal cause of action. Were the rule otherwise, the discovery rule would postpone accrual in every case until the plaintiff consults an attorney.

*See also Gutierrez v. Mofid,* 39 Cal.3d 892, 218 Cal.Rptr. 313, 316–17, 705 P.2d 886, 889 (1985) (plaintiff's ignorance of his legal remedy or legal theories underlying his cause of action does not postpone commencement of the limitation period); *Bennett v. Dow Chemical Co.,* 220 Mont. 117, 713 P.2d 992, 995 (1986) (although statute of limitation can be tolled until plaintiff discovers the cause of his injury if equity so dictates, it is not tolled until plaintiff discovers his legal rights). Therefore, Chapman's professed unaware-

ness of the law regarding due process rights of prisoners in jurisdictional review proceedings did not postpone the limitation period for his action.

The district court correctly determined that Chapman's application for post-conviction relief was time-barred. The district court's order dismissing this action is therefore affirmed.

WALTERS, C.J., and PERRY, J., **concur.**