923 P.2d 1011

**Jeremy Dan Ray JOHN, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 22204.

Court of Appeals of Idaho.

Sept. 10, 1996.

Church, Snow & Haley, Burley, for appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

This is an appeal from an order summarily dismissing Jeremy John's application for

post-conviction relief in which he alleged that he was denied due process in jurisdictional review proceedings at the North Idaho Correctional Institution (NICI). John's application was dismissed on the ground that it was barred by the statute of limitation. On appeal, John maintains that there has been an intervening change in the law that entitles him to pursue post-conviction relief notwithstanding expiration of the applicable limitation period. We find John's position to be without merit and, therefore, affirm the order of the district court.

John was convicted of grand theft on November 15, 1991. The district court imposed a unified five-year sentence, with an eighteen-month minimum term of incarceration, and retained jurisdiction pursuant to I.C. § 19–2601. Following a report from the NICI jurisdictional review committee regarding John's performance at NICI, the district court relinquished jurisdiction and ordered that John serve the previously imposed sentence. John did not appeal from the judgment of conviction or the order relinquishing jurisdiction.

On April 12, 1995, John filed a pro se application for post-conviction relief alleging that he was not afforded due process in the jurisdictional review proceedings at NICI. John alleged a number of due process violations including, *inter alia,* that he: was not informed of his right to call witnesses, was not allowed to interview prospective witnesses, was given less than twenty-four hours to prepare for his rebuttal hearing, was not present when the jurisdictional review committee made its preliminary decision to recommend against probation and was refused access to a telephone to call his attorney.

At John's request, an attorney was appointed to represent him in this post-conviction action. The State filed a motion to dismiss John's application as time barred under I.C. § 19–4902. The district court granted the State's motion, and this appeal followed.

■ When John was sentenced in 1991, I.C. § 19–4902 provided that an application for post-conviction relief could be filed "at any time within five (5) years from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." However, in 1993, an amendment to that statute changed the limitation period to one year. 1993 Idaho Sess. Laws, ch. 265, § 1. This amendment took effect on July 1, 1993, and shortened the limitation period for John's post-conviction action to one year from the effective date of the amendment. *Esquivel v. State,* 128 Idaho 390, 392, 913 P.2d 1160, 1162 (1996); *Chapman v. State,* 128 Idaho 733, 918 P.2d 602 (Ct.App.1996).

John acknowledges that the present action was not filed within the limitation period established by Section 19–4902. He argues, however, that the decision of the United States District Court in *Browning v. Vernon,* 874 F.Supp. 1112 (D.Idaho 1994),[1] effectuated a substantive change in the law and created a new right of action for which the limitation period did not begin until the issuance of the *Browning* decision. The *Browning* case was an action brought by inmates in the custody of the Idaho Board of Correction who challenged the constitutionality of jurisdictional review procedures employed at NICI. The United States District Court enjoined certain practices that had been in effect at NICI because the court found that such practices exposed inmates as a group to a high risk that they would be deprived of due process. *Id.* at 1124.

■ John's arguments that *Browning* created a new ground for post-conviction relief and initiated a new limitation period present only issues of law. Therefore, we exercise free review over the trial court's determination that John's claims are time barred. *State v. O'Neill,* 118 Idaho 244, 245, 796 P.2d 121, 122 (1990); *Hanks v. State,* 121 Idaho 153, 154, 823 P.2d 187, 188 (Ct.App.1992).

In *Bell v. State,* 128 Idaho 62, 910 P.2d 176 (Ct.App.1996), this Court rejected the argu-

1. An interlocutory order of the United States District Court in *Browning* was affirmed by the Ninth Circuit Court of Appeals in *Browning v. Vernon,* 44 F.3d 818 (9th Cir.1995).

ment, now advanced by John, that the *Browning* decision made a sweeping change in the law and created a new, previously unrecognized right of action for due process violations in jurisdictional review proceedings. In *Bell*, we pointed out that approximately eighteen years ago, in *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978), the Idaho Supreme Court held that the Due Process Clauses of the United States and Idaho Constitutions require that jurisdictional review hearings be conducted with certain procedural safeguards, including adequate notice to the prisoner before the hearing, notice of the substance of all matters that will be considered, an opportunity for the prisoner to explain or rebut any testimony or recommendations, and the right of the prisoner to call witnesses from among employees and inmates at the institution. *See Wolfe*, 99 Idaho at 389, 582 P.2d at 735; *Bell*, 128 Idaho at 64, 910 P.2d at 178. Our opinion in *Bell* also enumerated many post-*Wolfe* decisions which elaborated upon the procedural standards for jurisdictional review proceedings and the inmate's right to post-conviction relief for violation of those standards. *Id.* We therefore rejected Bell's contention that his belated post-conviction relief action was based upon constitutional grounds that did not exist prior to the *Browning* decision.

▪ John, like the applicant in *Bell*, could have presented his post-conviction relief action for alleged due process violations at NICI under well-established law long before the federal court decision in *Browning,* and the issuance of the *Browning* decision therefore affords him no basis for relief from the statute of limitation.

▪ It must be acknowledged that the *Browning* decision may depart from Idaho

precedent to the extent that it mandates that inmates be allowed to contact counsel by telephone to prepare for the jurisdictional review hearing. *See Browning*, 874 F.Supp. at 1124. An opportunity to consult with counsel is not among the limited procedural safeguards that were required by *Wolfe* and its progeny. *See Sosa v. State*, 127 Idaho 766, 769, 906 P.2d 136, 139 (Ct.App.1995); *State v. Hanslovan*, 116 Idaho 266, 268, 775 P.2d 158, 160 (Ct.App.1989); *Schmidt v. State*, 103 Idaho 340, 349, 647 P.2d 796, 805 (Ct.App.1982), *review denied.* This divergence between Idaho case law and the federal court's decision in *Browning* does not, however, give John a new claim for post-conviction relief. As we indicated in *Sosa*, notwithstanding our regard for the federal court's analysis, the mandatory precedent set by our Supreme Court in *Wolfe* and principles of *stare decisis* compel our adherence to the rule that disallowance of contact with counsel to prepare for a jurisdictional review hearing is not a deprivation of due process.

It follows that John has not demonstrated a basis to avoid application of the I.C. § 19–4902 limitation period to his application for post-conviction relief. Therefore, we affirm the district court's order summarily dismissing John's application on the ground that it is time barred.

WALTERS, C.J., and PERRY, J., concur.