926 P.2d 1314

**Arden SWISHER, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 22304.

Court of Appeals of Idaho.

Oct. 31, 1996.

R. James Archibald, Rigby, for petitioner–appellant.

Alan G. Lance, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

This is an appeal from an order summarily dismissing Arden Swisher's application for post-conviction relief. On appeal, Swisher asserts that the district court erred in failing to rule upon Swisher's request for appointed counsel before considering the merits of Swisher's claims and by summarily dismissing Swisher's application. We conclude that the district court committed error in failing to act upon Swisher's motion for appointed counsel before the court addressed the merits of the application, but we further conclude that this error was harmless because the claims asserted in Swisher's application for post-conviction relief were frivolous.

## FACTS

In August 1988, Swisher was convicted of lewd conduct with a minor, I.C. § 18–1508, and was given a unified ten-year sentence with a three and one-half-year minimum term of imprisonment. The court retained jurisdiction pursuant to I.C. § 19–2601, and Swisher was incarcerated at the North Idaho Correctional Institution (NICI) for evaluation. The jurisdictional review committee at NICI apparently issued a report recommending against probation for Swisher, and in February 1989, the district court relinquished jurisdiction.

In April 1995, Swisher initiated this action by filing an application for post-conviction relief in which he alleged that he was deprived of due process in the jurisdictional review proceedings at NICI. With his application, Swisher filed a motion for appointment of counsel, alleging that he was

indigent and therefore entitled to a court-appointed attorney. The court issued a notice of intent to dismiss the application pursuant to I.C. § 19–4906(b) on the ground that the claims asserted in Swisher's application were barred by the statute of limitation. Swisher filed a pro se response to the notice, and the court thereafter entered an order dismissing the application without having ruled upon Swisher's request for the assistance of counsel. Swisher then filed a second motion for appointment of an attorney, and this motion was granted. Appointed counsel represents Swisher in this appeal.

## ANALYSIS

Requests for appointed counsel in post-conviction relief actions are governed by two statutes. The first is I.C. § 19–4904, which states:

> If the applicant is unable to pay court costs and expenses of representation, including ... legal services, these costs and expenses, and a court-appointed attorney may be made available to the applicant ... in the trial court, and on appeal, and paid, on order of the district court, by the county in which the application is filed.

The second applicable statute is I.C. § 19–852. Subsection (a) of that statute provides that a needy person[1] who is being detained under a conviction of a serious crime is entitled to be represented by an attorney to the same extent as a person who has retained his own counsel is so entitled. However, subsection (b)(3) qualifies this right to appointed counsel in post-conviction or post-commitment proceedings. It states that a needy person will be entitled to be represented by counsel in such cases "unless the court in which the proceeding is brought determines that it is not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense and is therefore a frivolous proceeding." Thus, it is within the court's discretion to deny a request for counsel in a post-conviction proceeding if the

---

[1]. At the time when Swisher filed his motion for appointed counsel, "needy person" was defined in I.C. § 19–851(c) to be "a person who at the time his need is determined is unable(,) to provide for the full payment of an attorney and all other necessary expenses of representation."

court appropriately finds that the claims presented are frivolous.

■ When a request for appointed counsel is presented, however, the court must act upon that request before ruling upon the substantive issues in the case. *Henderson v. State,* 123 Idaho 51, 53, 844 P.2d 33, 35 (Ct.App.1992). Consequently, we conclude that the district court committed error when it failed to rule upon Swisher's request for an appointed attorney until after the court had entered an order dismissing Swisher's claims.

■ We must next consider whether this error necessitates reversal of the dismissal order or whether, as the State argues, the error is harmless. By terms of I.R.C.P. 61, an error in the proceedings will not be grounds to disturb a judgment or order on appeal if the error "does not affect the substantial rights of the parties." The State maintains that Swisher's claims presented in his application for post-conviction relief are plainly barred by the statute of limitation and are therefore frivolous, and that the court's error in not addressing the request for appointed counsel consequently could not have affected Swisher's substantial rights.

We considered a similar issue in *State v. Wade,* 125 Idaho 522, 873 P.2d 167 (Ct.App. 1994), where the district court had overlooked the defendant's motion for appointed counsel to represent him on an I.C.R. 35 motion for reduction of his sentence. After denying the Rule 35 motion, the court belatedly denied the request for counsel. This Court held that although there was error in the sequence of the court's rulings, the error was harmless because the underlying Rule 35 motion was frivolous. A comparable analysis

is required here. Therefore, we will examine Swisher's application for post-conviction relief to determine whether it presents any colorably meritorious claim, the presentation of which might have been enhanced by the assistance of counsel. If so, the district court's omission to consider the request for counsel before dismissing Swisher's action will require reversal. If, on the other hand, the claims are unquestionably barred by the statute of limitation, as the State urges and the district court found, then the court's failure to consider appointment of counsel could not have affected the outcome of the proceedings and must be viewed as harmless error.[2]

At the time when the district court relinquished jurisdiction in Swisher's criminal case, I.C. § 19–4902 provided that actions for post-conviction relief must be brought within five years from "the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal" of the underlying criminal action, whichever is later. 1988 Idaho Sess. Laws, ch. 76. Swisher took no appeal from the judgment of conviction. Accordingly, the statute of limitation for Swisher's post-conviction action began to run at the expiration of the time for an appeal in the criminal case, i.e., forty-two days from the district court's February 11, 1989, order relinquishing jurisdiction. *See* I.A.R. 14(a). This limitation period expired in March 1994.[3] Since the present action was not filed until 1995, it is obviously time-barred unless Swisher can point to some circumstance that extended the statute of limitation or caused it to commence anew.

**2.** Swisher relies upon *Ortiz v. State,* 124 Idaho 67, 856 P.2d 104 (Ct.App.1993) for the proposition that the court's omission to appoint counsel for a post-conviction applicant necessitates reversal. That reliance is misplaced, for at the time of the *Ortiz* decision, I.C. § 19–4904 mandated appointment of counsel for indigent post-conviction applicants in all cases. Prior to 1993, I.C. § 19–4904 provided, "If the applicant is unable to pay court costs and expenses of representation, . . . a court-appointed attorney *shall* be made available to the applicant. . . ." 1967 Idaho Sess. Laws, ch. 25, § 4 (emphasis added). Effective July 1, 1993, the statute was amended to substitute the word "may" for "shall." 1993 Idaho Sess. Laws, ch. 265, § 2. Because appointment of

counsel for all indigent applicants is no longer mandated by the statute, *Ortiz* is inapposite.

**3.** It should be noted that Section 19–4902 was amended in 1993 to shorten the limitation period to one year. 1993 Idaho Sess. Laws, ch. 265, § 1. However, because the original five-year statute of limitation for Swisher's post-conviction action expired earlier than one year after the July 1, 1993, effective date of that amendment, the amendment did not shorten the limitation period for Swisher's action, and Swisher had a full five years within which to initiate this post-conviction proceeding.

Swisher argues that such a circumstance exists because of the decision of the United States District Court in *Browning v. Vernon*, 874 F.Supp. 1112 (D.Idaho 1994).[4] In that case the United States District Court held that certain practices in jurisdictional review proceedings at NICI created a high risk that inmates would be deprived of due process. According to Swisher, he did not "discover" the constitutional violations in the jurisdictional review proceedings at NICI until issuance of the *Browning* decision, and therefore the one-year limitation period did not begin to run until that decision was issued.

Swisher's argument is without merit. First, as this Court has pointed out in *Bell v. State*, 128 Idaho 62, 910 P.2d 176 (Ct.App. 1996), and *John v. State*, 129 Idaho 304, 923 P.2d 1011 (Ct.App.1996), the *Browning* decision did not create new causes of actions for due process violations at NICI. In *John* we explained:

> In *Bell v. State*, [128] Idaho [62], 910 P.2d 176 (Ct.App.1996), this Court rejected the argument ... that the *Browning* decision made a sweeping change in the law and created a new, previously unrecognized right of action for due process violations in jurisdictional review proceedings. In *Bell*, we pointed out that approximately eighteen years ago, in *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978), the Idaho Supreme Court held that the Due Process Clauses of the United States and Idaho Constitutions require that jurisdictional review hearings be conducted with certain procedural safeguards, including adequate notice to the prisoner before the hearing, notice of the substance of all matters that will be considered, an opportunity for the prisoner to explain or rebut any testimony or recommendations, and the right of the prisoner to call witnesses from among employees and inmates at the institution. *See Wolfe*, 99 Idaho at 389, 582 P.2d at 735; *Bell*, [128] Idaho at [64], 910 P.2d at 178. Our opinion in *Bell* also enumerated many post-*Wolfe* decisions which elaborated upon the procedural standards for jurisdictional review proceedings and the inmate's

right to post-conviction relief for violation of those standards. *Id.* We therefore rejected Bell's contention that his belated post-conviction relief action was based upon constitutional grounds that did not exist prior to the *Browning* decision.

> John, like the applicant in *Bell*, could have presented his post-conviction relief action for alleged due process violations at NICI under well-established law long before the federal court decision in *Browning*, and the issuance of the *Browning* decision therefore affords him no basis for relief from the statute of limitation.

*John*, 129 Idaho at 305–306, 923 P.2d at 1012–13.

Second, there is no tolling of the statute of limitation for post-conviction actions until such time as the inmate "discovers" the law concerning due process rights in jurisdictional review proceedings. In *Chapman v. State*, 128 Idaho 733, 918 P.2d 602 (Ct.App.1996), this Court rejected an argument that the statute of limitation for a post-conviction action challenging due process violations at NICI began upon issuance of the *Browning v. Vernon* decision because the applicant only then "discovered" his right of action. We pointed out that, "it is the failure to discover *facts*, not the unawareness of legal theories, that may in some circumstances delay commencement of a limitation period." *Chapman*, 128 Idaho at 735, 918 P.2d at 604 (emphasis added). Consequently, Swisher's allegation that he was ignorant of his legal right to claim relief for the conduct of the jurisdictional review committee prior to the *Browning* decision, even if true, does not postpone the limitation period.

It is thus apparent that Swisher's alleged claims for post-conviction relief were time-barred more than a year before his application was filed. The action is therefore frivolous. Swisher's counsel on appeal has not identified any steps that could have been taken by an attorney, if counsel had been appointed to represent Swisher before the trial court, that might have prevented dismissal of this action. After having independently reviewed the record, we can perceive no substantial rights of Swisher that were or

---

4. An interlocutory order of the United States District Court in *Browning* was affirmed by the Ninth Circuit Court of Appeals in *Browning v. Vernon*, 44 F.3d 818 (9th Cir.1995).

might have been impaired by the trial court's oversight in failing to make a timely ruling on Swisher's request for counsel. Accordingly, we conclude that the district court's failure to consider Swisher's motion for appointed counsel before dismissing his action was harmless error.

The order of the district court dismissing Swisher's application for post-conviction relief is affirmed.

WALTERS, C.J., and PERRY, J., concur.