IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38778

| | | |
|---|---|---|
| MICKY LEE WHITCOMB, | ) | 2012 Unpublished Opinion No. 369 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: February 23, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Fred M. Gibler, District Judge.

Order summarily dismissing successive petition for post-conviction relief and denying motion for appointment of counsel, <u>affirmed</u>.

Micky Lee Whitcomb, Orofino, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent.
_____

GRATTON, Chief Judge

Micky Lee Whitcomb appeals from the district court's order summarily dismissing his successive petition for post-conviction relief and denying his motion for appointment of counsel.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Whitcomb pled guilty to second degree murder and assault with intent to murder. These pleas were made in response to allegations that Whitcomb killed Sharon Webb by shooting her in the face at point-blank range with a high-powered hunting rifle, and that he then turned the gun on Webb's thirteen-year-old son, Jason, and fired again. Jason, however, was not hit. The district court sentenced Whitcomb to a determinate life term for second degree murder and a consecutive fourteen-year determinate term for assault with intent to murder. Whitcomb did not appeal the judgment of conviction or sentences. Whitcomb did, however, timely file a motion under Idaho Criminal Rule 35 for reconsideration of his sentences. Following a hearing, the

1

motion was denied. Whitcomb appealed from the denial of his Rule 35 motion, and this Court affirmed. *State v. Whitcomb*, Docket No. 21966 (Ct. App. Dec. 22, 1995) (unpublished).

Six years later, in 2001, Whitcomb filed an application for post-conviction relief, alleging ineffective assistance of trial counsel. The district court dismissed the petition as untimely and as raising issues that could have been raised on direct appeal. Whitcomb appealed and this Court affirmed. *Whitcomb v. State*, Docket No. 27697 (Ct. App. Aug. 21, 2002) (unpublished). Whitcomb then filed a second Rule 35 motion. The district court denied the motion, finding it was an improper attack on the validity of Whitcomb's underlying conviction. Whitcomb appealed and, once again, this Court affirmed the district court. *State v. Whitcomb*, Docket No. 34139 (Ct. App. Jan. 24, 2008) (unpublished).

In 2011 Whitcomb filed a successive application for post-conviction relief and motion for appointment of counsel, which are the subjects of this appeal. Whitcomb claimed ineffective assistance of counsel for failure to file a direct appeal. The district court denied Whitcomb's motion for counsel and filed a notice of its intention to dismiss Whitcomb's application because: (1) his claim was identical to that made in his first application; (2) his claim was time-barred; and (3) the post-conviction proceeding was not one "that a reasonable person with adequate means would be willing to bring" at his own expense, and thus Whitcomb was not entitled to counsel. Idaho Code § 19-852(b)(3). Whitcomb responded to the notice of intent to dismiss and renewed his request for appointment of counsel. The district court dismissed Whitcomb's petition. Whitcomb timely appealed and requested appointment of appellate counsel. His motion for appointment of appellate counsel was denied.

## II.

## DISCUSSION

Whitcomb argues that the district court abused its discretion by refusing to appoint counsel. He further argues that his successive post-conviction relief application is timely. The State argues that Whitcomb has failed to show error in the summary dismissal of his application for post-conviction relief and the denial of his request for counsel.

If a post-conviction applicant is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the applicant in preparing the application, in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State*, 140 Idaho 789, 792,

102 P.3d 1108, 1111 (2004). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Charboneau*, 140 Idaho at 792, 102 P.3d at 1111; *Fox v. State*, 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). The district court abuses its discretion where it fails to determine whether an applicant for post-conviction relief is entitled to court-appointed counsel before denying the application on the merits. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the applicant is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the applicant. *Id*. In its analysis, the district court should consider that applications filed by a pro se applicant may be conclusory and incomplete. *See id*. at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se applicant does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if an applicant alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the applicant an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.[1]

The district court determined that Whitcomb's successive application was frivolous because it was time-barred and an improper successive application. Idaho Code § 19-4902(a) requires that a post-conviction action be commenced by filing an application within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of proceedings following an appeal, whichever is later. A post-conviction action which is time-barred is properly considered to be frivolous. *Swisher v. State*, 129 Idaho 467, 470, 926 P.2d 1314, 1317 (Ct. App. 1996). Whitcomb filed his successive application more than fifteen years after he was sentenced, and approximately ten years after his first application. Thus, Whitcomb's second application for post-conviction relief was filed more than a year after

---

[1] A post-conviction claim is properly dismissed if the applicant fails to present evidence sufficient to show a material issue of fact on which relief can be granted. *Workman v. State*, 144 Idaho 518, 522-23, 164 P.3d 798, 802-03 (2007). Because this is a higher burden than demonstrating the possibility of a valid claim necessitating the appointment of counsel, if Whitcomb did not show entitlement to appointment of counsel his claim was properly dismissed.

the judgment in his underlying criminal case became final, making it time-barred under I.C. § 19-4902(a).

In the case of successive applications, the Idaho Supreme Court has recognized that the rigid application of I.C. § 19-4902 would preclude courts from considering claims which are not known to the applicant within the time limit, yet raise important due process issues. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009). In those circumstances, the court will apply a reasonable time standard. *Id*. at 251, 220 P.3d at 1070. However, Whitcomb has not argued that his claim was not known or could not have reasonably been known within the timeframe for filing an initial application. Ineffective assistance of counsel claims are presumed to be known when they occur. *Id*. at 253, 220 P.3d at 1072. Within the time to file an initial application, Whitcomb knew that his counsel had not filed a direct appeal. Moreover, Whitcomb was aware of the failure to file a direct appeal long before the filing of a successive application because he made the identical claim in his initial application which itself was untimely.

Whitcomb's application is also not a proper successive application. Generally, all grounds for relief available to an applicant must be raised in the original, supplemental, or amended application. I.C. § 19-4908. A successive application is only allowed if the court finds a ground for relief asserted in the successive application which for sufficient reason was not asserted or was inadequately raised in the original application. *Id*.; *see Stuart v. State*, 118 Idaho 932, 933-34, 801 P.2d 1283, 1284-85 (1990). To protect due process rights, Idaho recognizes an exception to the prohibition against successive applications for claims that were not known to the applicant at the time of the original application. *Charboneau v. State*, 144 Idaho 900, 904-05, 174 P.3d 870, 874-75 (2007). Here, Whitcomb did not argue that he gave the district court "sufficient reason" why the claim was not asserted or was inadequately raised in the original application. As noted above, Whitcomb's claim in this application is the same as the claim in his original application. The district court noted as much in regard to Whitcomb's ineffective assistance of counsel claim, stating: "This is precisely the same assertion made [in Whitcomb's] original time-barred petition." Thus, the claim was known at or before the time of the original application and is, therefore, not properly asserted in a successive application.

We note that Whitcomb refers to the re-discovery of a 1993 letter he wrote to his attorney, instructing her to file an appeal on his behalf. To the extent Whitcomb attempts to rely on the letter as "sufficient reason" for his failure to adequately present his claim in his original

post-conviction application, he fails to show error. Whitcomb does not, and cannot, argue that his claim of ineffective assistance of counsel for failure to file a direct appeal was not known to him or could not have reasonably been known within the requisite timeframe for filing his initial post-conviction application. Whitcomb, by his own assertions, knew he requested the filing of a direct appeal which counsel did not do. According to Whitcomb's affidavit he knew of the letter's existence, as well as his attorney's alleged failures, as early as September 1993. The fact that the letter might document the request for filing of an appeal does not change the fact that Whitcomb knew he requested an appeal and none was filed. This Court measures timeliness "from the date of notice, not from the date [an applicant] assembles a complete cache of evidence." *Charboneau*, 144 Idaho at 905, 174 P.3d at 875; *see also McKinney v. State*, 143 Idaho 590, 594, 150 P.3d 283, 287 (2006). With Whitcomb's knowledge of his request for the filing of a direct appeal, of the letter's existence, and his attorney's alleged failures, well before the filing of his first post-conviction application, the re-discovery of the letter does not constitute a "sufficient reason" to permit the filing of a successive application a decade later.

## III.

## CONCLUSION

Whitcomb has failed to show the district court erred by denying his request for counsel or by summarily dismissing his successive application for post-conviction relief. As a result, we decline to consider Whitcomb's other arguments on appeal. The district court's denial of counsel and order summarily dismissing Whitcomb's successive application for post-conviction relief are affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR.**