# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48337

RAYMOND A. ROLES,                 )

                      )    **Filed: August 30, 2021**

        **Petitioner-Appellant,**     )

                      )    **Melanie Gagnepain, Clerk**

**v.**                           )

                      )    **THIS IS AN UNPUBLISHED**

**STATE OF IDAHO,**            )    **OPINION AND SHALL NOT**

                      )    **BE CITED AS AUTHORITY**

        **Respondent.**              )

                      )

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jonathan Medema, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Raymond A. Roles, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Chief Judge

Raymond A. Roles appeals from the district court's judgment summarily dismissing his petition for post-conviction relief as untimely. Roles alleges the district court erred because his petition for post-conviction relief was timely and asserted valid claims of ineffective assistance of trial and appellate counsel. Because Roles' petition for post-conviction relief was untimely and only asserted claims related to his underlying criminal conviction, the district court did not err. Accordingly, the judgment summarily dismissing Roles' petition for post-conviction relief is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 1990, a jury found Roles guilty of rape, first degree kidnapping, aggravated assault, and forcible sexual penetration with a foreign object. *State v. Roles*, 122 Idaho 138, 139, 832 P.2d 311, 312 (Ct. App. 1992). The district court sentenced Roles to a unified term of life,

1

with fifteen years determinate, for each of the crimes of rape, kidnapping, and forcible sexual penetration with a foreign object, and a determinate, five-year sentence for aggravated assault, with the sentences to run concurrently. *Id.* at 140, 832 P.2d at 313. Roles appealed. This Court affirmed the judgment of conviction and issued a remittitur on July 8, 1992.

Sometime in 2019,[1] Roles filed a motion for credit for time served pursuant to Idaho Criminal Rule 35 in his underlying criminal case, alleging error in the previous calculation of the time he spent in custody prior to his judgment of conviction. The district court granted Roles' motion and entered an order granting credit for time served based on the amended calculations.

On May 20, 2020, Roles filed a petition for post-conviction relief alleging ineffective assistance of trial counsel, ineffective assistance of appellate counsel, fundamental error, and cumulative error in his underlying criminal proceeding. The State moved for summary judgment, arguing that Roles' petition for post-conviction did not comply with the pleading requirements of Idaho Code §§ 19-4902, -4903. After a hearing, the district court found that Roles' motion met the applicable pleading requirements and denied the State's motion for summary judgment.

The district court subsequently filed a notice of its intent to dismiss Roles' petition for post-conviction relief as untimely. Specifically, the district court notified Roles' that his petition was untimely filed from the 1992 remittitur because the order granting Roles' Rule 35 motion did not constitute an amended judgment of conviction that would reinstate the statute of limitation for filing a petition for post-conviction relief for claims arising from the original judgment of conviction. After receiving a response from Roles, the district court entered an order dismissing his petition for post-conviction relief for the reasons provided in its notice. Subsequently, the district court entered a judgment dismissing Roles' petition of post-conviction relief. Roles timely appeals.

## II.

## STANDARD OF REVIEW

Our review of the district court's construction and application of the limitation statute is a matter of free review. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009). The statute of limitation for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, from the

---

[1] Because Roles' Idaho Criminal Rule 35 motion is not in the record, this Court cannot confirm an exact filing date and adopts the district court's statements regarding the filing date.

determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744 (Ct. App. 2003). The failure to file a timely petition is a basis for dismissal of the petition. *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206.

## III.

## ANALYSIS

On appeal, Roles argues his petition for post-conviction relief was timely because the district court's order granting his Rule 35 motion served as an amended judgment, thereby reinstating the statute of limitation from which he could timely file a post-conviction action to challenge his original judgment of conviction. Because he argues he can timely challenge his original judgment of conviction and he established valid claims, Roles asserts that the district court erred in dismissing his petition for post-conviction relief. In response, the State argues that the district court did not err by dismissing Roles' untimely petition for post-conviction relief.

When this Court issued the remittitur in Roles' direct appeal in 1992, I.C. § 19-4902 provided that an application for post-conviction relief may be filed within five years from "the expiration of the time for appeal or from determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." 1988 I.C. § 19-4902. The remittitur from Roles' appeal was issued on July 8, 1992. Therefore, under the law existing at the time, Roles had until July 8, 1997, to initiate an action for post-conviction relief. However, in 1993, the Idaho Legislature amended I.C. § 19-4902 to reduce the limitation period to one year. 1993 Sess. Laws, ch. 265, p.898. This amendment took effect on July 1, 1993, I.C. § 67-510, and shortened the statute of limitation for Roles' claim to one year from the effective date of the amendment. *Chapman v. State*, 128 Idaho 733, 734, 918 P.2d 602, 603 (Ct. App. 1996). When a statute of limitation is reduced, a party whose right accrued before the effective date of the amendment "is given the full time allowed for action according to the terms of the amended statute from and after the effective date of the amended statute." *Id.* (internal citations removed). Hence, the statute of limitation for Roles' post-conviction petition expired on July 1, 1994, one year after the effective date of the 1993 amendment and more than fifteen years before Roles filed his petition for post-conviction relief.

3

However, Roles argues that the district court's order granting his 2019 Rule 35 motion for credit for time served constituted an amended judgment, reinstating the statute of limitation and providing him another year from which to file a timely petition for post-conviction relief for claims arising from his original judgment of conviction. This argument is unavailing. The district court entered an order granting credit for time served, not an amended judgment of conviction in Roles' criminal case. Accordingly, the order did not have any effect on the judgment of conviction and did not renew the statute of limitation.

Because Roles' petition for post-conviction relief was filed more than fifteen years after the statute of limitation expired, the claims are untimely and the district court did not err in summarily dismissing the petition.

## IV.

## CONCLUSION

Roles' claims for post-conviction relief were untimely. Accordingly, the district court did not err in dismissing the petition as untimely and the judgment summarily dismissing Roles' petition for post-conviction relief is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

4